DETERMINED IN THE

# THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### /DURING THE YEAR 1907.

---

## Chicago, Burlington & Quincy Railway Company et al. v. Anton J. DeFreitas.

1. MEASURE OF DAMAGES—*when instruction as to, improper in action for injury to real property resulting from construction and operation of railroad.* In an action for damages to real property resulting from the construction and operation of a railroad, an instruction upon the measure of damages which employs the phrase "from inconvenience from trains," as an element depreciating the value of the property in question, is too vague and indefinite.

2. MEASURE OF DAMAGES—*what is not proper element of, in action for injury to real property resulting from construction and operation of railroad.* In an action to recover damages for injury to real property resulting from the construction and operation of a railroad, it is only those special damages which have been suffered which are different in kind from those sustained by the general public which may be made the basis of a recovery.

Action on the case. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1906. Affirmed upon *remittitur*. Opinion filed June 1, 1907.

KIRBY & WILSON, for appellants.

JOHN A. BELLATTI, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee brought his action on the case against ap-

(228)

pellants to recover damages to his residence property, known as lots No. 162 and 163 in the Car Shops addition to the city of Jacksonville, alleged to have been caused by the construction and operation of a railroad through said city in the vicinity of said property. Upon a trial in the Circuit Court of Morgan county, there was a verdict and judgment against appellants for $350.

The dwelling house and outhouse of appellee are located on lot No. 162, and upon both lots are planted fruit trees and grape vines. The dwelling house fronts to the west on Allen street. The railroad track of the Chicago, Peoria & St. Louis Ry. Co., running north and south, is located about 300 feet east and in the rear of appellee's residence, and appellants' railroad track is located between the first named track and appellee's residence at a distance of 187 feet from the latter, and 75 or 80 feet from the east line of appellee's lots. At a point about 400 feet southeast of appellee's residence appellants' track forms a junction with the track of the Chicago, Peoria & St. Louis Ry. Co.

Appellee testified that gas, smoke and cinders from locomotives operating on appellants' track, were cast upon his dwelling house and premises; that trains passing upon the track jarred his premises and awakened him; that he was annoyed by the noise of the passing trains; that trains going southeasterly on appellants' track frequently stopped in the rear of his premises and signalled by repeated whistling for the opening of the switch connecting with the track of the Chicago, Peoria & St. Louis Ry. Co.

There is no evidence in the record tending to show that the jarring or vibration perceived by appellee, which accompanied the passing of trains, in any manner injured the dwelling house, outhouses, fruit trees or vines belonging to appellee, or that the construction and operation of the railroad interfered in any degree with appellee's right of egress from or ingress to his property.

The fourth instruction given by the court at the request of appellee, is as follows:

"The court instructs the jury that if you believe from the evidence that in consequence of the construction and operation of the defendants' railroad, the plaintiff's property is depreciated in value from exposure to fire, from inconvenience from trains, from smoke and cinders from locomotives, from noise and jar of trains, then such matters are proper to be taken into consideration by you in determining to what extent the plaintiff's property is damaged. The real question is to what amount, if any, is the plaintiff's property diminished in value by the construction and operation of said railroad."

What is meant by the phrase in the instruction, "from inconvenience from trains," as an element depreciating the value of the property? In our judgment it is too vague, indefinite and uncertain to enable a jury properly to measure the damages recoverable. It is sufficiently broad in its scope to include certain elements of personal discomfort and annoyance for which, in such cases, no damages are recoverable at law. In Illinois Central R. R. Co. v. Trustees of Schools, 212 Ill. 406, it was said: "The provision of the constitution that private property shall not be damaged for public use was not intended to reach every possible injury that may be occasioned by a public improvement." After quoting from Rigney v. City of Chicago, 102 Ill. 64, as to what constitutes a special damage and injury for which a recovery may be had, the opinion proceeds as follows: "The important question is to determine what is a special damage and injury, within the meaning of that and other cases. One thing that is clear is, that the damage must be a damage to property and not mere personal inconvenience or injury, such as a damage to trade or business. (Hohmann v. City of Chicago, 140 Ill. 226.) If a right of action is merely personal without reference to property, the constitution does not guarantee compensation. If the injury amounts only to an inconvenience

or discomfort to the occupants of property, which would authorize a personal action but not affecting the value of the property, it is not within the provision. The injury must also be actual, susceptible of proof and capable of being approximately measured. It must not be merely speculative, remote, prospective or contingent. The special damage must be different in kind from that sustained by the general public, although it does not cease to be special because a considerable number are affected in the same way." To the like effect is Aldrich v. Met. West Side El. Ry. Co., 195 Ill. 546.

As there is no proof in the record of any direct physical disturbance of a right which appellee enjoys in connection with his property resulting in special damage thereto, by reason of the vibration or jar from passing trains, the instruction is erroneous in that it authorizes the jury to consider such vibration or jar as a proper element in estimating the damages to the property. It was the consideration by the jury of a like improper element of damage, among others, in Illinois Central v. Trustees of Schools, *supra*, that moved the court to reverse the judgment.

The amount of the verdict in this case can only be accounted for by the fact that the jury did, as authorized by said instruction, consider improper elements of damage. If appellee will, within 20 days after the filing of this opinion, remit $100 from the amount of the judgment, it will be affirmed for $250, otherwise it will be reversed and the cause remanded.

*Affirmed upon remittitur. Remittitur filed and judgment affirmed.*