## Danville & Indiana Harbor Railroad Company v. Emma L. Tidrick et al.

1. RAILROAD—*when not liable for injuries to real estate resulting from construction and operation.* A railroad company is not liable for injuries resulting from construction and operation

where it appears that the damages sustained by the plaintiff were no different in character or in kind than that which were suffered by the public generally.

2. MEASURE OF DAMAGES—*in action for injury to real property by construction and operation of railroad.* The true measure of damages in cases of this character is the difference in the market value of the property before the construction of the railroad and its value after the construction thereof.

3. CROSS-EXAMINATION—*what, proper of expert testifying upon question of damages.* It is entirely within the province of counsel to ascertain upon a cross-examination of witnesses who have testified to the damage inflicted upon real estate the elements which were considered by such witness in estimating the amount of damage testified to.

4. DAMAGES—*what proper elements to be considered and what not proper to be considered in action for injury to real property resulting from construction and operation of railroad.* Unsightliness arising from the construction of an embankment is not a proper element, but obstruction to view and of light and of air from such embankment are proper elements. Likewise damages resulting from smoke, cinders, vibration, etc., are proper elements to be taken into consideration.

5. JURY—*when may properly be permitted to view premises.* In an action for damages arising from the construction and operation of a railroad, it is within the sound judicial discretion of the trial court to permit the jury to view the premises involved.

Action on the case. Appeal from the Circuit Court of Vermilion county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed December 7, 1907.

REARICK & MEEKS, for appellant; GLENNON, CARY, WALKER & HOWE, of counsel.

WALTER V. DYSERT and THOMAS A. GRAHAM, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellees against appellant to recover damages alleged to have been sustained by reason of the construction and operation of appellant railroad. A trial by jury in the Circuit

Court of Vermilion county resulted in a verdict and judgment against appellant for $110.

Appellees are the owners of lots 41 and 42 in C. A. Fera's Second Addition to the city of Danville, which lots have a frontage of ninety-three feet on Fera street. The premises are used and occupied for residence purposes. In 1905 appellant constructed a line of railroad over and across certain streets and alleys and upon certain lots in said addition to the city of Danville, title to which lots appellant had procured by purchase. The railroad was constructed by virtue of an ordinance of the city of Danville, passed June 15, 1905, and approved June 19, 1905, which ordinance also purported to vacate certain portions of Pauline, Penn, Fera and Sidell streets and certain alleys lying between said streets within the right of way of appellant.

The portion of Fera streets purporting to have been vacated by the ordinance was at a point about 100 feet south of appellees' premises, and from that point said street was deflected in a southwesterly direction to its connection with Sidell street so that such pretended vacation did not operate in any appreciable degree to obstruct travel by the public upon said street. The right of way of appellant opposite and to the east of appellees' premises is 150 feet in width and upon this right of way appellant constructed an embankment about twenty-five feet in height, 110 feet in width at its base and thirty-six feet in width at its top. The distance from the southeast corner of appellee's property, which is the nearest point to appellant's right of way, to the toe of the slope of the embankment is 120 feet and the distance to the nearest track on the embankment is 150 feet. Upon this embankment appellant has constructed two tracks thirteen feet apart which tracks are connected by a cross-over at a point opposite appellees' premises.

The elements of damage to appellees' premises al-

leged in the declaration are the closing up of Fera street, at the point above mentioned, the construction of the embankment whereby the passage of air was interrupted and prevented, and the view eastward from appellees' premises was obstructed, the running of cars and engines over appellant's tracks and permitting the same to remain in front of appellees' premises, the making of loud and unusual noises, the jarring of appellees' premises and the throwing of dust, dirt, cinders, fire, ashes and noxious gases and vapors thereon.

No portion of appellant's right of way or of the embankment constructed thereon is located upon any part of Fera street adjacent to appellees' premises, but so far as the record discloses such right of way and embankment is located upon the private property of appellant and over and across streets and alleys other than Fera street, as to the obstruction of which no complaint is made. It is clear that any damage which may have resulted to appellees' property by reason of the obstruction or pretended vacation of public streets and alleys not adjacent to said property was of a character which was suffered by the public generally, and not such a special damage to said property as authorized a recovery therefor in this action. City of East St. Louis v. O'Flynn, 119 Ill. 200; Aldrich v. Met. West Side Ry., 195 Ill. 456; Guttery v. Glenn, 201 Ill. 275. The trial court erred in permitting the jury to consider the alleged vacation of Fera street as an element of damage in the case. While the true measure of damages in cases of this character is the difference in the market value of the property before the construction of the railroad and its value after the construction of the railroad (I. C. R. R. Co. v. Turned, 194 Ill. 575) and there was no error in permitting witnesses to estimate the damages to appellees' property upon that hypothesis, the jury should have been accurately instructed by the court

Danville & Indiana Harbor R. R. Co. v. Tidrick.

as to the proper elements constituting such damage and should have excluded from their consideration such elements as were improper to be considered by them. It was entirely within the province of counsel for appellant to ascertain upon a cross-examination of appellees' witnesses the elements which were considered by such witnesses in estimating the amount of damage testified to by them and by a process of elimination to limit the amount of damages estimated by such witnesses so as to include only such as were proper. The court properly instructed the jury that they were not authorized to take into consideration as an element of damage the unsightliness of appellant's embankment, but the court improperly refused to instruct the jury that in estimating the damage to appellees' property they should not take into consideration any obstruction of the view or of light and air by such embankment. Appellant's embankment was constructed upon its private property and any obstruction thereby of the view from appellees' premises or of light and air therefrom was no greater or different in degree than would have been occasioned by the construction of buildings on the property used as a right of way or by the piling of lumber or other material thereon.

While the evidence in the record is in sharp conflict upon the question as to whether or not there has been any depreciation in the market value of appellees' property by reason of the construction and operation of the railroad, there is some evidence tending to show that damage has resulted from smoke, cinders and ashes cast thereon by the locomotives operating on appellant's road. Damage, if any resulting from these causes, appellees were entitled to recover, and if the alleged vibration or jar from passing trains resulted in any direct physical disturbance of a right which appellees enjoy in connection with their property, causing special damages thereto, they

are entitled to recover therefor. C. B. & Q. Ry. Co. v. DeFreitas, 134 Ill. App. 228. If the jury had been accurately instructed as to the true measure of damages recoverable, if any, and the elements proper to be considered by the jury as determining such damages, the fourth, fifth and sixth instructions, given at the instance of appellees would not have been subject to the criticism made, but in the absence of such instructions we are of the opinion that they tended to mislead the jury.

What we have heretofore said with reference to the obstruction and purported vacation of certain streets and alleys in the vicinity of appellees' premises renders it unnecessary to comment upon the third instruction given on behalf of appellees. The instruction was erroneous in the case at bar and should have been refused. We have also sufficiently expressed our views upon the questions involved in the action of the court in modifying and refusing certain instructions asked by appellant, to obviate the necessity of further discussion by taking up each of such instructions in detail.

It is urged by appellant that the court improperly permitted the jury at the request of appellees to view the premises. Permitting the jury to view the premises involved in cases somewhat similar in character to the case at bar has been held to be within the sound judicial discretion of the trial court. Osgood v. City of Chicago, 154 Ill. 194; Pike v. City of Chicago, 155 Ill. 656. And we should hesitate to say that the court abused its discretion in this instance. We are, however, of the opinion that a view of the premises here involved would tend to direct the attention of the jury particularly to the embankment as constructed and to the situation of the property with reference to the alleged obstructed and vacated streets and alleys which were not proper elements of damages in the case and such view would not have aided the jury in determin-

ing the extent of damage to which the property was subject by reason of the elements proper to be considered by them unless such elements were in active operation during their view.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*