ALGERNON S. OSGOOD *et al.* Exrs.

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa October 29, 1894.*

1. TRIAL—*jury may view premises alleged to be damaged.* The jury, in an action for damages to abutting property by the construction of a bridge, viaduct and approaches, may be permitted to view the premises, although their condition has been changed since the improvement was finished, by tearing away an old house and erecting a new one.

2. DAMAGES—*measure of, to property, caused by constructing bridge.* The measure of damages to abutting property by the construction of a bridge and its approaches is the depreciation in the fair market value of the property caused by such construction, and not the value of the buildings upon the premises at the time the work was commenced, and the loss of rent by obstruction in their use.

3. SAME—*benefits may be set off against damages.* Benefits may always be set off against damages to abutting property by the construction of a public improvement, no matter what the amount of such damages.

4. SAME—*rent lost through obstruction to access not allowed.* Loss of rent by reason of obstructions to access to a building upon abutting premises during the construction of a bridge and its approaches is a burden incidentally imposed upon such property, and cannot be recovered.

*Osgood* v. *Chicago*, 44 Ill. App. 532, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

MATZ & FISHER, for appellants :

Depreciation in market value is not the measure of damages. *Railroad Co.* v. *Berg*, 10 Ill. App. 614; *Railroad Co.* v. *McGinnis*, 79 Ill. 269 ; *City of Pekin* v. *Brereton*, 67 id. 479 ; *City of Pekin* v. *Winkel*, 77 id. 58 ; *Railroad Co.* v. *Ayres*, 106 id. 511; *Chicago* v. *Union Building Ass.* 102 id. 380 ; *Rigney* v. *Chicago*, 102 id. 70 ; *State* v. *Evans*, 2 Scam. 208 ; *Railroad Co.* v. *Black*, 58 Ill. 34; *Emerson* v́. *Railroad Co.* 75

id. 180 ; *Railroad Co.* v. *Henry,* 79 id. 294; *Railroad Co.* v. *Kirby,* 104 id. 347; *McReynolds* v. *Railroad Co.* 106 id. 158; *Railroad Co.* v. *Blake,* 116 id. 169 ; *Hyde Park* v. *Ice Co.* 117 id. 236 ; *Harwood* v. *Bloomington,* 124 id. 50.

In *State* v. *Evans,* 2 Scam. 208, it is said : "If an additional value is given to all of the lands in the country by the entire improvement system, the benefit is and should be common, inasmuch as it is acquired at the common expense."

In *Railroad Co.* v. *Henry,* 79 Ill. 294, the court says : "Take, for instance, an adjoining farm. The owner would undoubtedly receive all the benefits of appellee, and he is not assessed for such benefits, and why should he receive his hundreds of dollars' worth of benefits to his property and appellee receive no such benefits?"

In *Hyde Park* v. *Washington Ice Co.* 117 Ill. 236, the court says : "Any mere general and public benefit or increase of value received by the land, in common with other lands in the neighborhood, is not to be taken into consideration in estimating compensation." To the same effect, see *Allen* v. *Charlestown,* 109 Mass. 246 ; *Railroad Co.* v. *McDonald,* 12 Heisk. 56 ; *Railroad Co.* v. *Richardson,* 45 Mo. 468 ; *Freedle* v. *Railroad Co.* 39 N. C. 90 ; *Adden* v. *Railroad Co.* 55 N. H. 414; *Railroad Co.* v. *Wiebe,* 25 Neb. 544.

John S. Miller, and Benjamin F. Richolson, for appellee :

If the fair market value of the property is as much immediately after the construction as it was before the improvement was made, no damage has been sustained and no recovery can be had. *Elgin* v. *Eaton,* 83 Ill. 535 ; *Railroad Co.* v. *Francis,* 70 id. 338 ; *Railroad Co.* v. *Hall,* 90 id. 42 ; *Railroad Co.* v. *Haller,* 82 id. 208 ; *Railroad Co.* v. *Capps,* 67 id. 607; *Eberhart* v. *Railroad Co.* 70 id. 357; *Railroad Co.* v. *Maher,* 91 id. 312 ; *Railroad Co.* v. *Loeb,* 118 id. 203 ; *Railroad Co.* v. *Stein,* 75 id. 41; *Page* v. *Railroad Co.* 70 id. 324.

In Georgia, where the constitutional provision is the same as our own, the decisions support the view of this court. *Atlanta* v. *Green*, 67 Ga. 386; *Moore* v. *Atlanta*, 70 id. 611; *Atlanta* v. *Word*, 78 id. 276.

It has been expressly held by this court in late cases, that, even in condemnation suits, it is proper to instruct the jury that the compensation for land damaged should be its diminution in value by reason of the improvement. *Dupuis* v. *Railway Co.* 115 Ill. 97; *Railroad Co.* v. *Bowman*, 122 id. 595; *Kiernan* v. *Railway Co.* 123 id. 188.

BAKER, J.: This was an action on the case, to recover damages alleged to have been caused to the property of appellants by the construction of the Jackson street bridge and viaduct, and the approaches thereto on Canal street. The work was commenced on October 29, 1887, and completed August 25, 1888. Before and at the time of this improvement appellants were the owners of a lot on the north-west corner of Jackson and Canal streets, having a frontage of about 160 feet on Jackson street and 140 feet on Canal street. Upon this lot were buildings variously estimated by witnesses to be worth from $10,000 to $18,000, which had rented for fifteen years prior to the commencement of the improvement at an average annual rental of $11,133. June 1, 1889, they leased this property for a term of ninety-nine years to Hibbard J. Lehman, for an annual rental of $6000 for the first five years, $8000 for the second five years, $10,000 for the third five years, and $12,000 for the remainder of the term. The lessee erected a brick building on the premises at a cost of about $200,000, and in February, 1890, purchased the fee from appellants, paying therefor the sum of $200,000. Appellants received for rent of the premises from November 1, 1887, to June 1, 1889, $3206. On the trial the jury found for the city, and judgment was entered on the verdict. The Appellate Court affirmed the judgment of the circuit court.

There is no complaint as to the manner in which the improvement was made or the skillfulness with which the labor upon it was performed. The damages, therefore, recoverable in this action, must be estimated under the same rules that they would have been upon a petition by the city to condemn the property. There is no claim that any of appellants' property was taken. The only claim is for damages thereto by reason of the improvement.

At the instance of appellee the jury were permitted, in charge of an officer, to go upon and view the premises, and this ruling, it is contended, was erroneous. This question was raised, in the same manner it is now presented, in the case of *Springer* v. *City of Chicago*, 135 Ill. 552, and decided against the present contention. The practice was again approved in the late case of *Vane* v. *City of Evanston*, 150 Ill. 616, with a modification of the language used in the *Springer case* as to the effect to be given by the jury to their view of the premises.

It is contended that the condition of the premises in this case having been changed, after the improvement was finished and before the trial, by tearing away an old house and erecting a new one, that case is not decisive of the question as presented now. But it was expressly decided in that case, that, inasmuch as the condition of the property at the time of the trial was a proper question to be brought to the attention of the jury by proof, the court might properly allow them to view the premises at that time. While changes in the condition of the property alleged to have been damaged might render the view of the jury less satisfactory in applying the testimony, such change could not affect the power of the court to allow such view.

Counsel for appellants contend that the measure of damages in this case is the value of the building on the premises at the time the work on the improvement was commenced, and the loss to them of rent of that building

by being obstructed in its use from that time to June 1, 1889, when it was torn down, and that any benefits accruing to the premises by reason of the improvement cannot be properly set off against such damages. This position finds no support in law. On the contrary, by the repeated decisions of this court the true measure of damages in every such case is the depreciation in the fair market value of the property caused by the construction of the improvement. If there is no depreciation there is no damage. As said in the *Springer case, supra:* "In other words, if the fair market value of the property is as much immediately after the construction of the improvement as it was before the improvement was made, no damage has been sustained and no recovery can be had." The damage is the difference in the value of the property, as a whole, before and after the improvement. (*Wabash, St. Louis and Pacific Railway Co.* v. *McDougall,* 126 Ill. 111.) Clearly, under this well established rule for estimating damages, benefits may always be set off against damages, no matter what may be the amount of those damages. This case well illustrates the soundness and justice of the rule. Damages are here claimed for an injury to private property not taken. Before the improvement, taking into consideration the buildings, the premises were worth perhaps $125,000. Conceding the buildings were wholly destroyed, still, the value of the lot having been increased by the improvement to an amount greatly exceeding the value of the buildings, how can it be said the property has been damaged?

The claim set up for loss of rent by reason of obstructions to access to and egress from the building during the progress of the work cannot be sustained. That is not damage to property not taken, within the meaning of the constitution, but merely a burthen incidentally imposed upon private property adjacent to a public work, and without which such improvements can seldom be made. As said by the Appellate Court: "To construe the con-

stitution as giving compensation for all temporary obstructions necessary when streets are being repaired, etc., even though thereby access to abutting property is for a time cut off, would be unreasonable."

In our opinion, the evidence applied in this case to the proper rule for ascertaining the damages is so clearly against plaintiffs' right of recovery that no other result could have been lawfully reached than that announced by the jury in its verdict. We have, however, given due consideration to the points made against the rulings of the trial court upon evidence and instructions, and find no substantial error in those rulings. On the whole record the judgment of the circuit court is right, and was properly affirmed by the Appellate Court. The judgment of the latter court is affirmed.

*Judgment affirmed.*