## City of Joliet v. Abbie C. Schroeder.

1. EVIDENCE—*Benefits to Lots by Reason of Improvements to Streets.* —Under a declaration claiming damages for a depreciation in the value of premises by reason of excavations made by a city in cutting down and improving a street abutting upon such premises, it is error to exclude evidence showing that after the improvement of the street, the market value of the property in question was largely increased, and that instead of being damaged it was materially benefited so far as dollars and cents were concerned.

2. CONSTITUTIONAL PROVISIONS—*Require Practical Interpretations.* —The provision of the constitution that private property shall not be

taken or damaged for public use without just compensation should receive a practical and just interpretation. To hold that the cutting down of a street to the lot line in making a public improvement in a city is removing property of an adjoining owner for which compensation must be made at all events, regardless of the question whether such adjoining property is damaged or not, would be giving an unreasonable construction to the meaning of this clause of the constitution.

3.   MEASURE OF DAMAGES—*Injuries to Adjacent Property by Improvements in Streets.*—Where a city improves its streets by cutting them down, the only just and practicable rule to be adopted as to the measure of damages to adjoining lot owners, is the difference in the market value of the property before the improvement is made and unaffected by it, and its value afterward and as affected by it.

4.   ADJOINING PROPRIETORS—*Right of Lateral Support.*—A lot owner has the right to support to his lot from the adjoining land; and if such support is removed, and by reason of such removal his lot caves and is injured, and he suffers damage, he has a right of action against the person removing the support for the amount of damages sustained.

**Action on the Case,** for damages consequent upon improving streets. Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the April term, 1900. Reversed and remanded. Opinion filed October 8, 1900.

R. J. BARR, attorney for appellant, cited the following authorities: City of Chicago v. Catherine A. Taylor et al., Exrs. of Moses Taylor, deceased, 125 U. S. 161; Philadelphia Ball Club, Limited, v. City of Philadelphia; Municipal Corporation cases, Annotated, Vol. 2, 738; City of Jacksonville v. Mary E. Loar, 65 Ill. App. 218; City of Louisville v. Hegan; Municipal Corporation cases, Annotated, Vol. 1, 284; William Moellering v. Edwin Evans, 6 L. R. A. 449; Sutherland on Damages, Vol. 3, 417 and 418.

HALEY & O'DONNELL, attorneys for appellee, contended that the value of the land taken must be paid in money, and benefits can not be set off against the same. Drainage Commrs. v. Volke, 163 Ill. 243. Any rule of damages narrower in its scope than that which affords full compensation in money for the land actually taken, is in conflict with the bill of rights. Chapin v. Highway Commrs., 129 Ill. 651.

Under section 13, article 2, of the Constitution, the value

of land taken for public use must be paid in money, disregarding all benefits resulting to the portion not taken, and it is not in the power of the legislature to provide otherwise. Carpenter v. Jennings, 77 Ill. 250; Hayes v. O. O. & F. R. Valley R. R., 54 Ill. 373.

The owner of land condemned for public use must be paid in money without any deduction for benefits. L. S. & M. S. Ry. Co. v. B. & O. R. R., 149 Ill. 272; Hyslop v. Finch, 99 Ill. 182.

A right to lateral support is an absolute right, and any injury to the same is a taking, and merely a damaging of property under the constitution. McCullough v. St. Paul, M. & M. R. R., 7 Am. R. R. and Corp. Cases, 250 and note; Stearns v. Richmond, 6 Am. R. R. and Corp. Cases, 247; Richardson v. Central R. R. Co., 25 Vt. 465; Buskirk v. Strickland, 47 Mich. 389; Dyer v. St. Paul, 27 Minn. 457; O'Brien v. St. Paul, 25 Minn. 331; Trans. Co. v. Chicago, 99 U. S. 635; Lewis on Em. Dom., Secs. 101, 151, 569; Schultz v. Byers, 13 L. R. A. 569 and note; Moellering v. Evans, 6 L. R. A. 449.

The right to lateral support is a right of property. 12 Amer. and Eng. Ency. 933–937.

Every land owner has a right to have his soil preserved intact against its own weight, and the ordinary effects of the elements. Wood's Law of Nuisances, Sec. 172.

Before the adoption of the Constitution of 1870, it was the settled doctrine in Illinois that any physical injury to private property by the construction of a public improvement was a taking to the extent of the damages thereby sustained. Rigney v. Chicago, 102 Ill. 64; Nevins v. Peoria, 41 Ill. 502.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case by appellee against appellant whereby she sought to recover damages alleged to have been sustained to certain lots owned by her, in consequence of the excavation made by the city in cutting down and improving Exchange and Hickory streets, abutting upon

City of Joliet v. Schroeder.

said lots. The case was tried upon an amended declaration to which the defendant filed the general issue. A verdict was returned in favor of the plaintiff for $500 upon which the court rendered judgment, and the defendant prosecutes this appeal.

The amended declaration alleges the ownership of the lots in question by appellee; that they were of great value and improved and used for dwelling purposes, and had upon them houses, barns, fences and other improvements; avers that plaintiff had the right to use and enjoy said property as it then existed in relation to the public streets abutting thereon, and had the right to the support of the soil in said streets for the lateral support of the soil of said property owned by the plaintiff; then avers that the defendant caused Exchange street, Broadway and Hickory street to be excavated up to the line of said property to a great depth, by means of which excavation the plaintiff's property was deprived of lateral support and the said property of the plaintiff was rendered insecure and the soil, fences, and other improvements were caused to cave and fall into said excavation and the soil of said property caved in and for want of said lateral support slid into the excavation so made, and the buildings on said property became unsafe and insecure, "and by means of the premises the property became greatly injured and depreciated in value to the damage of the plaintiff for $10,000," etc.

The theory upon which plaintiff tried her case, and upon which she seeks to sustain a recovery, is, that in making the excavation complained of, the defendant city removed and took away the lateral support of her lots adjoining the street. That the right of lateral support is property which was taken away by the city, and for which she was entitled to compensation, and that as against such taking no alleged benefits to the property not taken can be allowed or set off. On the trial the defendant sought to show that after the improvement of the streets, the market value of the plaintiff's property was very largely increased, and that instead of being damaged the plaintiff's property was materially

benefited so far as dollars and cents were concerned. The court refused to allow such evidence, but later partially let it in, and when admitted the proofs showed that the plaintiff's property was worth from $2,000 to $5,000 more after the improvement was made than it was before. But in the instructions to the jury the court followed the theory of the plaintiff as to the rule for the assessment of damages, and ignored the question of benefits or depreciation in market value. Under the declaration in the case we think this was error. The declaration claimed for depreciation in value, and we are unable to see why it was not competent, in view of such a claim, for the defendant to show, if it could, that the lots suffered no depreciation in value, but were largely benefited by the improvement. True it has been frequently held, that the property owner must be paid in money for land actually taken, and can not be compensated by setting off benefits to land not taken. In this case it is not claimed that any land of appellee was actually taken. The title to the streets, up to appellee's lot line, was in the city, and it had the right to excavate and remove the soil up to the line in making the improvement. If in doing so damage was done to appellee's property, of course appellant would be liable therefor. The constitution provides that "private property shall not be taken or damaged for public use without just compensation." (Art. 2, Sec. 13.)

But we think this provision should receive a practical and just interpretation. To hold that the cutting down of a street to the lot line in making a public improvement in a city is removing property of an adjoining owner for which compensation must be made at all events, regardless of the question whether such adjoining property is damaged or not, it seems to us would be giving an unreasonable construction to the meaning of this clause of the constitution. The city removed its own property, and if no damage was done thereby to the adjoining lots, it is difficult to see upon what just ground it should be compelled to pay damages to the adjoining proprietor. In cases such as this, we are of the opinion no other just or practicable rule can be adopted as

to the measure of damages, than that of the difference in market value of the property before the improvement is made and unaffected by it, and its value afterward and as affected by it.

In 3 Sutherland on Damages, 417, 418, the rule is thus stated:

" There is incident to the land in its natural condition a right of support from the adjoining land, and if land not subject to artificial pressure sinks and falls away in consequence of the removal of such support, the owner is entitled to damages to the extent of the injury sustained. The measure of damages is not the cost of restoring the lot to its former situation or building a wall to support it, but it is the diminution of value of the plaintiff's lot by reason of the defendant's act."

This rule is stated and approved in Moellering v. Evans, Ind. (6 L. R. A. 449), where it is said:

" The lot owner has the legal right to support to his lot from the adjoining land. If such support be removed and by reason of such removal the lot caves, and is injured, by reason of which the lot owner suffers damages, he has a right of action against the person removing the support for the amount of the damages sustained to the land. The measure of damages is the diminution in the value of the lot or land. That is a matter easily arrived at—the difference in the value of the lot by reason of the injury. Thus the damages sustained may be arrived at with reasonable certainty and without complication. To pursue any other course to arrive at the damage we enter a field of uncertainty, involving the cost of labor and material to supply the support removed, the manner of its construction, its sufficiency and durability, and when completed we have a different support, or a support of a different material, and an artificial instead of a natural one."

We are entirely satisfied with this reasoning and fully coincide therein.

In McGuire v. Grant, 25 N. J. L. 356, it is said:

" It will frequently happen that the subsidence of land in a city, occasioned by the grading of adjoining lots, thus bringing the surface nearer the grade of the street, will but slightly diminish its real value. The only true criterion of damages, therefore, is the diminution in the value of the lot."

We regard these authorities as conclusive upon the point in controversy. The cases cited by counsel for appellee we do not regard as in conflict therewith. While they hold that the adjoining proprietor had the right of lateral support for his lots or land, and that an action will lie for taking it away whereby he is damaged, yet they do not lay down a rule for estimating the damages which is in conflict with the one we think should be adopted in such cases. Conceding, therefore, that the right to lateral support is property, we are of the opinion that the damages which may follow from its being taken away, are consequential as affecting the property whose support is taken away, and that a recovery for such damages can only be for depreciation in the market value of the property in consequence of such removal of lateral support. If we are correct in these propositions it follows that benefits can be set off as against the damages; and if the lots were worth more immediately after the improvement than they were immediately before, then the party has suffered no damage and can not recover any.

In its rulings on the evidence and the instructions to the jury, the trial court in our opinion took an erroneous view of the law, resulting in an improper verdict of the jury.

The judgment will, therefore, be reversed and the cause remanded for a new trial in accordance with the views herein expressed.

Reversed and remanded.*

---

* Afterward, on motion of appellee, so much of the judgment as remanded the cause was vacated in order that an appeal might be prosecuted,