## ABBIE C. SCHROEDER

*v.*

## THE CITY OF JOLIET.

*Opinion filed February 20, 1901.*

1. MUNICIPAL CORPORATIONS—*liability of city for damage to abutting property.* The removal of the lateral support of an abutting lot when excavating for street improvement renders the city liable for damages, if there be any; but if the market value of the lot is not decreased when the whole effect of the improvement is considered, there can be no damage and no recovery.

2. DAMAGES—*there is a distinction between taking and damaging property.* The present constitution makes a distinction between the taking and the damaging of property, and, if not actually taken for public use, the whole consequence of the improvement must be considered in order to determine whether the property is damaged.

*City of Joliet* v. *Schroeder,* 92 Ill. App. 68, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. ROBERT W. HILSCHER, Judge, presiding.

J. L. O'DONNELL, for appellant:

A right to lateral support is an absolute right, and any injury to the same is a taking, and not merely a damaging, of property under the constitution. *McCullough* v. *Railroad Co.* 7 Am. R. R. and Corp. Cas. 250, note; *Stearns* v. *Richmond,* 6 id. 247; *Richardson* v. *Railroad Co.* 25 Vt. 465; *Buskirk* v. *Strickland,* 47 Mich. 389.

Before the adoption of the constitution of 1870 it was the settled doctrine in Illinois that any physical injury to private property by the construction of a public improvement was a taking to the extent of the damages thereby sustained. *Rigney* v. *Chicago,* 102 Ill. 64; *Nevins* v. *Peoria,* 41 id. 502.

The value of the land taken must be paid in money, and benefits cannot be set off against the same. *Drainage Comrs.* v. *Volke,* 163 Ill. 243.

Any rule of damages narrower in its scope than that which affords full compensation in money for the land actually taken is in conflict with the Bill of Rights. *Chaplin* v. *Highway Comrs.* 129 Ill. 651.

Any permanent change in title or encumbrance on property, or exclusion of the owner from its enjoyment, though it does not absolutely divest him of title, is a taking. *Vanderlip* v. *Grand Rapids*, 3 L. R. A. 247; *Pummelly* v. *Green Bay Co.* 13 Wall. 166; *McCullough* v. *Railroad Co.* 7 Am. R. R. and Corp. Cas. 250; *Foster* v. *Bank*, 57 Vt. 128; *Wilmes* v. *Railroad Co.* 29 Minn. 242.

R. J. BARR, for appellee:

In improving a street by a city under the power conferred by its charter, if private property is injured thereby the real question is, has the value of the property to sell or rent been diminished by the improvement? It may be that it can no longer be used for the purposes for which it has heretofore been used, but that would not be material if it can be rented or sold at as good a price for other purposes. *Chicago* v. *Taylor*, 125 U. S. 640.

In an action against a municipal corporation to recover damages for injury to private property caused by a change of street grade, only the difference in the value of the property immediately before and immediately after the injury, and caused by it, can be considered. *Philadelphia Ball Club* v. *Philadelphia*, 2 Mun. Corp. Cas. 738.

If property has been damaged for public use the owner is entitled to receive just compensation, which is to be measured by the difference between the value of the property before and after the improvement by which it has been damaged. *Jacksonville* v. *Loar*, 65 Ill. App. 218.

Where the street grade is lowered in front of abutting property and such property is specially damaged thereby the owner may recover from the city. The measure of damages in such case is the difference between the market value of the property immediately before it be-

came known that the grade would be lowered and its market value just after the grade was lowered. *Louisville* v. *Hegan,* 1 Mun. Corp. Cas. 284.

The measure of damages for removing the lateral support of land, whereby it sinks and falls away, is not the cost of restoring it, but the diminution of the value of the lot by reason of the act. *Moellering* v. *Evans,* 6 L. R. A. 449.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This case was tried in the circuit court of Will county upon the amended declaration of appellant and a plea of the general issue thereto by appellee, and resulted in a verdict and judgment for $500 in favor of appellant. By said amended declaration the plaintiff alleged that she owned lots 5 and 6 in block 14, in West Joliet, in the city of Joliet, fronting upon Hickory, Broadway and Exchange streets; that the city improved said streets by cutting them down and excavating them, so as to deprive the said lots of their lateral support; that said lots were thereby rendered insecure, and the soil, fences, walls and other improvements were caused to fall into the excavation for want of said lateral support, and that she thereby sustained damages which she sought to recover.

On the trial plaintiff proved that the city had cut down Exchange street opposite her property, and that some of the earth had fallen and more would fall, and she introduced the opinions of witnesses as to how much of the lots would eventually fall into the street and what damage and injury were occasioned to the lots thereby. She contended that the cutting down of the street adjoining her property abutting thereon, and thereby removing the lateral support, was an actual taking of said property, and that she was entitled to compensation in money for the property so taken, regardless of benefits resulting from the improvement. The defendant did not deny that it had cut down the street and removed the lateral

support from the adjoining property, nor that plaintiff was entitled to recover damages if her property was damaged and lessened in value by the improvement. The only question raised was whether the measure of damages was the difference in market value of the lots before and after the improvement, or whether the defendant must pay damages although the improvement might have increased the value of the lots. The court held the rule contended for by plaintiff to be the correct one, and that the defendant must pay for the injury to the lots in consequence of its act by removing the lateral support, regardless of the effect of the improvement upon the lots. The defendant sought to prove that in consequence of the improvement the market value of plaintiff's property was from $2000 to $5000 more after the cutting down and improvement of the streets than before. The court sustained objections to evidence of that character and followed the same rule in giving and refusing instructions. The defendant asked the court to give instructions that if the property was benefited by the improvement and was worth more afterward than before, plaintiff could not recover. The instructions were refused and instructions were given upon the theory that although there was no damage to plaintiff's property from the improvement and it was benefited thereby, yet the benefit should not be taken into account. The defendant removed the cause to the Appellate Court for the Second District, and that court sustained the errors assigned and reversed the judgment for such errors and remanded the cause to the circuit court for another trial. Plaintiff, who was appellee in the Appellate Court, thereupon moved that court to vacate and set aside the order remanding the cause to the circuit court, to make the judgment one of reversal only, and to grant a certificate of importance and an appeal to this court. Her motion was allowed and the remanding order stricken out, leaving the judgment of the Appellate Court a final judgment reversing the judgment

of the circuit court and ending the case. The Appellate Court then granted a certificate of importance, as requested, and allowed an appeal to this court. There was no finding of facts by the Appellate Court, and the reversal was for errors of law which might have been corrected upon another trial. The judgment as first entered gave plaintiff the right of another trial. The Appellate Court by its opinion fixed the rules of law for such trial as defendant had claimed the law to be in the trial court. Plaintiff did not wish to try her case again if the Appellate Court was right and the reversal for error was proper. She declined to try it again under the rules fixed, and as she requested that the case should not be remanded, the only question here is whether the Appellate Court was right in sustaining the errors assigned and reversing the judgment.

The constitution provides (art. 2, sec. 13,) that "private property shall not be taken or damaged for public use without just compensation." The rule has long been settled that if property is actually taken and applied to a public use this provision of the constitution requires that it shall be paid for in money, regardless of benefits to other land of the same owner of which he is not deprived. (*Carpenter* v. *Jennings,* 77 Ill. 250; *Chaplin* v. *Highway Comrs.* 129 id. 651.) Where property is not actually taken by the public for its use but the question is whether it has been damaged for public use, the ordinary rule for the determination of that question is applied, and if the market value of the property is not decreased there is no damage and there can be no recovery. In this case it is alleged that there is a damage to appellant's property by depriving it of lateral support. There is, incident to land in its natural condition, a right of support from the adjoining land, and every owner is entitled to have his soil in its natural state sustained, when necessary, by the lateral support of the adjacent soil. (*City of Quincy* v. *Jones,* 76 Ill. 231.) This right of

lateral support is one which an owner enjoys in connection with his property, and if he sustains damages by its withdrawal by the adjoining owner he is entitled to be compensated. Where there is an injury to a right of that character there may be a recovery for the depreciation in value by reason of being deprived of the right. (*Rigney* v. *City of Chicago*, 102 Ill. 64.) If such support is removed by a city in making an excavation, the city is liable for the damages resulting from its act, if there be any. The measure of damages is the diminution in value of the property by reason of the act of the city. (3 Sutherland on Damages, 417.) The law will protect an owner of property from aggression on the part of the city, but if, upon a consideration of the effects of the improvement upon the property, there is no damage, neither the constitution nor the law authorizes a recovery. The claim that this is deducting benefits from damages, as contended by counsel, was refuted in *Page* v. *Chicago, Milwaukee and St. Paul Railway Co.* 70 Ill. 324, as follows (p. 328): "A partial effect, only, is not to be considered, but the whole effect; and the effect not upon any selected part of the tract, but upon the whole tract. This is not deducting benefits or advantages from damages, but it is ascertaining whether there be damages or not. It is but the estimation of damages, and seems the only fair and just mode of estimating them." It seems clear that no part of plaintiff's lots was taken for public use, within the meaning of the constitution. The city took away its own adjoining property, and some of the dirt and stones of plaintiff's lots have fallen by their own weight for want of lateral support and more will fall. She still holds the title and possession of her lots, which have not been interfered with, and the evidence which she produced was not directed to the value of dirt and stones which had fallen away as property taken by the defendant for public use, but to the injurious consequences to the whole of the lots. In estimating the alleged injury

to the whole property, the effect of the improvement upon its value was excluded by the court and the jury were instructed to take no account of the resulting benefits. There might be an injury to plaintiff's property by reason of its being rendered less available for use and its market value might be lessened or destroyed by the improvement, but if there is no depreciation in market value and no damage when the entire improvement is taken into account she is not entitled to recover.

Some cases are cited where it has been held that an owner is entitled to compensation for an injury to his property by excavating a street, but none of them announces any other rule as a measure of damages than depreciation in value. The constitution of 1848 made no special provision for property which was merely damaged, but provided that property should not be taken or applied to public use without just compensation. In *Nevins* v. *City of Peoria*, 41 Ill. 502, it was held that said constitution was designed to prevent such injuries as the turning of a stream of mud and water upon private premises in the improvement of a public street, but the court said that it did not consider the question on what basis the damages should be assessed. There are numerous cases following that one, but counsel have not found any which approves a different rule of damages than to take account of the whole effect upon the property of the act of the city. The present constitution makes a distinction between property which is taken and that which is merely damaged, and in order to determine whether property is damaged or not, all the consequences of the improvement must be taken into account.

The rule adopted by the circuit court was wrong, and the Appellate Court was right in reversing the judgment. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*