Sally Lefkovitz, Appellant, v. City of Chicago et al., Appellees.

Gen. No. 13,924.

REAL PROPERTY—*what does not constitute actionable injury to.* Loss of rents resulting from the vacation by a tenant of private property due to an obstruction temporarily erected by a city in front thereof in connection with a public improvement, lawfully in course of construction, does not confer a cause of action, it not being charged either that there was (1) permanent injury, (2) physical invasion or (3) an injury not borne in common by other property owners along the line of and contiguous to the improvement in question.

Action in case. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed July 6, 1908.

WILLIAM J. LACEY, for appellant.

ROBERT N. HOLT and GEORGE W. MILLER, for appellee; EDWARD J. BRUNDAGE, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court sustaining a general demurrer to the declaration and dismissing the suit. Appellant did not ask leave to amend, but elected to stand by her declaration. The City of Chicago is the only appellee who has followed this appeal and filed briefs.

The action is case and is based upon loss of rents of certain realty in Chicago, occasioned by the alleged unlawful maintenance by appellees of an obstruction in front of appellant's premises, impeding ingress to and egress from the buildings situate thereon. The obstruction complained about consisted of a large platform about fifteen feet high constructed over the sidewalk and in front of appellant's premises. The occasion of its construction was the digging of an underground tunnel running in a northerly direction from Potomac avenue. An alley adjoining appellant's premises was likewise obstructed, completely cutting off · access thereto from appellant's property. No claim is made of permanent damage to the premises or the buildings situate thereon. The damage claimed arises from loss of rents for three years, during which time the obstruction was allowed to remain as a barrier to ingress to and egress from appellant's property, causing the tenants to vacate and preventing a reletting.

It is not claimed by any averment of the declaration that the property of appellant is permanently damaged or injured by reason of the acts of appellees done in the construction of the public improvement or in the maintaining of the obstruction in front of appellant's property on the public highway, or that any

part of appellant's said property has been taken for such public improvement. We do not think it can be said, from any count of the declaration, that the actions of appellees resulted in the taking of private property for public use within the meaning of section 13, article 2, of the State Constitution. The obstruction complained of is temporary, not of a permanent nature, and such is the interpretation of the charge in the declaration. The nature of the public improvement from which the injury is said to arise is not stated in such terms that from them we can say there is any injury of a permanent character, or that appellant suffers any damage which is not borne in common by other property owners along the line of and contiguous to the improvement. The nature of the tunnel, its size or dimensions, are not stated, nor the purposes or uses to which it is intended to be put when completed.

It is clear that this case falls within the ruling in Osgood v. City of Chicago, 154 Ill. 194, and is akin to it on law and fact.

It is axiomatic that all property is held subject to any burden which may be imposed from the fact of its being situate in the vicinity of or adjacent to a public improvement. The constitution provides no remedy in the way of an award of damages for temporary obstructions when streets are being repaired or public improvements installed in such streets, notwithstanding during the time of doing such work access to abutting property is cut off, with resulting damage to the owner.

In the Osgood case, *supra,* it was distinctly laid down as the law that no recovery could be had for loss of rents arising through obstruction to access to and egress from a building adjoining a public improvement during the progress of the work. This is the conceded limitation of appellant's claim for compensation. The declaration thus circumscribed does not state a cause of action cognizable at law.

The demurrer to the declaration was properly sustained, and the judgment of the Circuit Court is consequently affirmed.

*Affirmed.*