## Alice B. Barry, Appellee, v. Chicago, Indianapolis & St. Louis Short Line Railway Company, Appellant.

DAMAGES—*what not competent in action for injury to real property.* If a permanent injury is alleged the proper measure of damages is the depreciation in value of the land actually and immediately affected. Evidence of the loss of the rental value of a portion of such land for a particular period is incompetent.

Action on the case. Appeal from the Circuit Court of Montgomery county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed May 19, 1909.

GEORGE B. GILLESPIE and A. M. FITZGERALD, for appellant; L. J. HACKNEY, JETT & KINDER and HAMLIN, GILLESPIE & FITZGERALD, of counsel.

AMOS MILLER and LANE & COOPER, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Alice B. Barry brought suit in the Circuit Court of Montgomery county against the C., I. & St. L. Short Line Railway Company to recover damages alleged to have resulted to her by reason of the railway company making a wrongful excavation. There was a verdict in favor of Barry in the sum of $300, upon which the trial court rendered judgment and the railway company appealed.

The evidence shows that appellee owned a farm of 320 acres in Montgomery county, Illinois, through which she sold a right of way of about eleven acres to appellant in 1903, upon or over which appellant constructed its railway; that some time in 1904 or 1905 appellant removed a large amount of earth from its right of way and in doing so excavated or took out, with a steam shovel, the earth, etc., up to the line of its right of way, in such a manner that some of the land of appellee caved into the excavated right of way

of appellant, carrying with it, in some places, the fence which appellant had built upon the line separating its right of way from the pasture and farming lands of appellee. About three-tenth of an acre of land was lost by appellee and the fence, for a considerable distance, on each side of the right of way, fell into and down upon the right of way and was therefore rendered insufficient to turn stock.

The only error which we care to discuss relates to the action of the court in admitting evidence that had for its object the fixing of appellee's damages. Appellee was permitted to prove, over appellant's objection, that about sixty acres of land adjoining such right of way, which had formerly been used by appellee as pasture land, had not been used by her for about two years prior to the time suit was brought for the reason that, by the caving in of appellee's land, the fence was thereby rendered useless and unfit to turn live stock, by means whereof she lost the value of the rental of such pasture land for such two years.

The admission of this evidence was error. The general rule as to the measure of damages in cases like the one at bar, when the injury is permanent, is the diminution in value of the land actually and immediately affected. Schroeder v. City of Joliet, 189 Ill. 48.

If the injury be permanent so that all damages may be assessed for both past and future injury then the depreciation in the value of the real estate affected is the measure of damages to the owner. K. & S. R. R. Co. et al. v. Horan, 131 Ill. 288; C. & E. I. R. R. Co. v. Loeb, 118 Ill. 203.

Appellee insists, however, that the loss of the use of the pasture was properly admitted in evidence as the proximate result or consequence of the act of appellant in so excavating up to the line of the right of way, on the ground that the fence would, of necessity, be rendered useless by the caving of earth.

We cannot agree with this contention. The right to insist upon appellant's building and maintaining a

fence upon the line of its right of way is expressly given by statute and appellant could have been forced to erect a fence, and maintain the same, suitable to turn stock, without regard to the configuration of the ground or the exact location of its line of right of way, and in the event that appellant neglected or refused to so maintain its fence, the appellee, upon notice to appellant, could have built the same, and have recovered from appellant double the value thereof. The right to recover for a permanent injury to the field, and a right to compel the appellant to fence the field were two distinct and independent rights. The loss to appellee of the use of the pasture was too remote and the admission of evidence upon that subject was prejudicial error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*