CLARENCE I. PECK *et .al.* Appellees, *vs.* THE CHICAGO RAILWAYS COMPANY, Appellant.

*Opinion filed October 27, 1915.*

1. DAMAGES—*when expenses incurred in effort to reduce damages should be allowed.* Where a street railway company, acting in obedience to an ordinance, constructs a tunnel in a public street, expenses incurred by the owner of an abutting building in good faith and the exercise of reasonable and prudent judgment in an effort to reduce damages by putting the building on jacks and attempting to sustain it during the progress of the work should be allowed as part of the damages recoverable from the street railway company.

2. SAME—*when damages must be estimated under same rules as apply on petition to condemn.* In an action by the owner of a building against a street railway company for injury to the building sustained while the company was constructing a tunnel in the abutting street, if the declaration charges no negligence as to the manner in which the improvement was made or the work was done, the damages must be estimated under the same rules as apply upon a petition to condemn property.

3. SAME—*fact that street railway company is acting under an ordinance does not relieve it from liability.* The fact that a street railway company, in constructing a tunnel in a public street, is acting under authority of a city ordinance, does not exempt it from liability for damage to a building on an abutting lot caused by the construction of the improvement. (*Barnard* v. *City of Chicago,* ante, p. 27, followed.)

4. SAME—*damage for loss of rent of building during construction of improvement not recoverable.* In the absence of any complaint as to want of skill or of unreasonable delay in constructing a public improvement in a street, damages are not recoverable against the city, or one acting under its authority, for the loss of rents of an abutting building during the time the improvement was being made.

5. SAME—*extent to which cost of restoration and loss of rents may be shown.* In an action for damages to an abutting building from the construction of a public improvement in the street the true measure of damages is the difference in the value of the property before and after the improvement, but the loss of rental value after the improvement and the cost of restoration of the building may be given in evidence as showing damages. (*FitzSimons & Connell Co.* v. *Braun & Fitts,* 199 Ill. 390, criticised; *Carter* v. *Cairo, Vincennes and Chicago Railway Co.* 240 id. 152, explained.)

CARTWRIGHT and COOKE, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

CHARLES L. MAHONY, and TIMOTHY J. FELL, (JOHN R. GUILLIAMS, W. W. GURLEY, and FRANK L. KRIETE, of counsel,) for appellant.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, (GEORGE A. FOLLANSBEE, GEORGE H. PEAKS, and FRED BARTH, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellees were the owners of a three-story and basement brick building on the east side of LaSalle street and the south bank of the Chicago river, in the city of Chicago. The appellant, under the authority of an ordinance of the city, engaged in the reconstruction of a tunnel under the river. In doing the work an excavation was made in LaSalle street. Water from the river was permitted to flow into the excavation and to permeate the soil and undermine the appellees' lot. Dynamite was also used, the explosion of which shook and jarred the appellees' build-

ing. The result of the operations of the appellant was that appellees' building was damaged, for which they brought suit in the circuit court and recovered a judgment for $11,500. A constitutional question being involved, the appellant has appealed directly to this court.

The appellant contests its liability on the same grounds as were urged in the case of *Barnard* v. *City of Chicago,* (*ante,* p. 27,) but for the reasons given in the opinion in that case the judgment cannot be reversed on those grounds.

The excavation of the street was begun in September, 1909, and continued through 1910 and a part of 1911. During the progress of the work the building having begun to settle, the appellees caused it to be put upon jack-screws, but later they were notified by the commissioner of buildings that the building was in danger of immediate collapse and would be closed both to the occupants and the public. Afterward the tenants moved out, the appellees took possession of the building, parts of the walls were taken down and temporary repairs were made. Evidence was introduced as to the cost of the work done to sustain the building, the cost of the temporary repairs made, the rental value before such repairs were made and afterward, the loss of rent, the cost of taking down the temporary walls and restoring the brick walls, and the loss of rent during the time occupied in removing the temporary repairs and restoring the building.

No part of the appellees' property has been taken for the public use. The claim is made that the appellant, in making a public improvement in the street under lawful authority from the city, has damaged the appellees' property for the public use. In such case the difference in the market value of the property before and after the improvement ordinarily furnishes the measure of damages. (*Schroeder* v. *City of Joliet,* 189 Ill. 48.) The case of *Osgood* v. *City of Chicago,* 154 Ill. 194, was an action for

damages caused by the construction of a bridge, viaduct and approaches in the streets adjoining the plaintiff's property. None of the property was taken and the only claim was for damages by reason of the improvement. It was contended that the measure of damages was the value of the building on the premises when work was begun on the improvement and the loss of rent by being obstructed in its use from that time until the building was torn down. "On the contrary," the court said, "by the repeated decisions of this court the true measure of damages in every such case is the depreciation in the fair market value of the property caused by the construction of the improvement. If there is no depreciation there is no damage. As said in the *Springer case, supra:* 'In other words, if the fair market value of the property is as much immediately after the construction of the improvement as it was before the improvement was made, no damage has been sustained and no recovery can be had.' The damage is the difference in the value of the property, as a whole, before and after the improvement." So in *Beidler* v. *Sanitary District of Chicago,* 211 Ill. 628, it was said that the measure of damages is the difference in the value of the property before the improvement was constructed and the value of the property after the improvement was completed, and it was held that the measure of damages to abutting lot owners from the lowering of the water level in dock canals by the construction of the drainage canal was not the expense of deepening the canals and remodeling the docks, but the difference in the market value of their property before and after the construction of the drainage canal. A somewhat different question, however, is presented in the present case. At the commencement of the work the contractor notified appellees that he was about to commence work on the tunnel and advised them to brace and protect their building so as to prevent injury to it, and later they received a similar

notice and warning from the building commissioner. They afterward incurred expense in having the building put on jack-screws and in trying to sustain it during the progress of the work.

The appellant insists that it was the appellees' duty to make reasonable efforts to render the injury as small as possible, and that if they had made greater efforts they could have reduced the damage to their building. The appellees concede that it was their duty to endeavor to reduce the damage, and claim that they should recover their reasonable expenditures for that purpose. A person injured by another's breach of contract or tort is bound to use reasonable care to render the injury as light as possible and to protect himself from unnecessary injury. (*Dobbins* v. *Duquid,* 65 Ill. 464; *Toledo, Peoria and Warsaw Railway Co.* v. *Pindar,* 53 id. 447; Sutherland on Damages, sec. 88.) Expenses reasonably and prudently incurred in good faith in making a proper effort to diminish the loss may be recovered, whether the effort is successful or not. (*Atwood* v. *Boston Forwarding Co.* 185 Mass. 557; *Ellis* v. *Hilton,* 78 Mich. 150; 1 Sutherland on Damages, sec. 67.) It is true that in this case there is no breach of contract or tort. The declaration makes no charge of negligence or complaint as to the manner in which the improvement was made or the skillfulness with which the labor upon it was performed. The damages must therefore be estimated under the same rules as upon a petition to condemn the property. We see no reason why a different rule should prevail in such a case, and if from the evidence it appears that expenses were incurred by the appellees in good faith and the exercise of a reasonable and prudent judgment in an effort to reduce the damages, those expenses should be regarded as a part of the damages to their property.

The appellant asked for an instruction declaring the difference in market value to be the measure of damages, but

because it omitted reference to the appellees' expenses incurred in an effort to diminish the damages it was properly refused.

The third instruction given for the appellees ought to have been refused because it permitted a recovery for "such reasonable cost as a reasonably prudent man in good faith, in the exercise of ordinary judgment under similar or like circumstances, would have expended in endeavoring to prevent or reduce such damages," instead of such reasonable cost as the appellees reasonably, prudently and in good faith had expended. We do not approve of the attempted definition of temporary and permanent injuries attempted in this instruction, though possibly it was not misleading. It was not appropriate to the facts and should not have been given. The tunnel was a permanent structure, the damage done by it was done once for all, and was not recurrent but was permanent.

Instructions 8, 9, 10, 12, 13 and 15 given for the appellees were erroneous. No. 8 stated that the appellees were entitled to recover the cost of removing the temporary repairs and restoring the building and its foundations to the condition in which they were before the injury occurred; No. 9, that the appellees were entitled to recover the reasonable value of the use of the premises during the time the building is untenantable while it is being restored; No. 10, that the appellees were entitled to recover the loss in rental value of the building until the foundations and underlying soil shall have become sufficiently settled and solidified that it can be restored; No. 12, that the appellees were entitled to recover the value of the use of the premises during the time they were engaged in making the temporary repairs; No. 13, that the appellees were entitled to recover the reasonable cost of such temporary repairs as were necessary to make the building tenantable; No. 15, that the measure of damages in case of a temporary injury

is the amount expended in endeavoring to prevent injury or reduce damages, plus the cost of temporary repairs, plus the cost of restoring the premises to the condition in which they were before the injury, plus also all unavoidable losses of rents which were the natural and proximate consequence of the injury. The loss of rental value after the completion of the improvement and the cost of restoration are proper to be given in evidence as showing the damages, but, as has already been said, the measure of damages is the difference in value of the property before and after the improvement. In *FitzSimons & Connell Co.* v. *Braun & Fitts,* 199 Ill. 390, it is stated that the cost of repairing the building and restoring it to its former condition was the true measure of the damages; but this is at variance with the rule which has been frequently announced by this court, not only in the cases heretofore cited but in many others, a number of which are cited in *Beidler* v. *Sanitary District of Chicago, supra.* In *Carter* v. *Cairo, Vincennes and Chicago Railway Co.* 240 Ill. 152, the rule was immaterial, because there it conclusively appeared that the cost of restoration was greater than the value of plaintiff's property.

For the loss of rents during the continuance of the work the appellees were without remedy. The action of the city or the appellant was not wrongful or illegal. There is no complaint of want of skill or unreasonable delay in the performance of the work. Inconvenience, expense or loss of business necessarily occasioned to the owners of abutting property during the progress of the work by the construction of a public improvement in a street give no cause of action against a municipality, (*Osgood* v. *City of Chicago, supra; Lefkovitz* v. *City of Chicago,* 238 Ill. 23; *Chicago Flour Co.* v. *City of Chicago,* 243 id. 268;) consequently they give no cause of action against the appellant, which acts under the authority of the city. The cases cited are cases where the inconvenience and loss arose from depri-

vation of access to the property by reason of the obstruction in the street, but the same rule applies to any case of temporary consequential interference with the use of property by the making of a public improvement.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

CARTWRIGHT and COOKE, JJ., dissenting.