(No. 3110—■■■■)

L. H. Grothe, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 12, 1937.*

Don D. Richmond, for claimant.

Otto Kerner, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Claimant filed his complaint herein on July 6th, 1937, and alleges therein as follows:

For approximately six years prior to and on the 1st day of March, A. D. 1936, he was engaged in conducting a gasoline filling station, garage and general sales room in Tolono, Illinois, adjacent to U. S. Route No. 45. On March 1st, 1936 the Division of Highways of the Department of Public Works and Buildings of the respondent, blocked off and barred said highway from a point 300 feet north of claimant's place of business to a point 1,000 feet south thereof, and re-routed over other streets, the traffic which otherwise would have traveled directly in front of claimant's place of business. Such conditions continued until November 1st, 1936, when said U. S. Route No. 45 was again opened to traffic.

Claimant further alleges that by reason of the blocking of said highway and the re-routing of traffic over other streets as aforesaid, he lost considerable business, his profits were reduced, and he thereby sustained damages in the amount of $448.86, for which amount he asks an award.

It is not contended that any of claimant's property was taken, or that any of his property was damaged, except as to the loss of anticipated profits as above set forth.

The Attorney General has moved to dismiss the claim on the ground that there is no liability on the part of the State under the facts set forth in the complaint.

If claimant has any right of recovery it must be by virtue of the constitutional provision to the effect that private property shall not be taken or damaged for public use without just compensation.

The question here involved has been considered by this court in a number of cases. In the case of *Grassle* vs. *State,* 8 C. C. R. 151 we held that:

"Inconvenience, expense, or loss of business necessarily occasioned to the owners of abutting property during the progress of the work by the construction of a public improvement, do not constitute damage to property not taken, within the meaning of the Constitution, but merely a burden incidentally imposed upon private property adjacent to a public work, and without which such improvements can seldom be made and therefore give no cause of action against a municipality therefor."

The rule laid down in the Grassle case finds support in the following cases, to wit: *Stein, et al* vs. *State,* 8 C. C. R. 251; *Glenbard Golf Club, Inc.* vs. *State,* 8 C. C. R. 651; *James Morlock* vs. *State,* No. 2072, decided at the September, 1935 term of this court.

This is in accordance with repeated decisions of our Supreme Court. *Osgood* vs. *City of Chicago,* 154 Ill. 194; *Lefkovitz* vs. *City of Chicago,* 238 Ill. 223; *Chicago Flour Co.* vs. *City of Chicago,* 243 Ill. 268; *Peck* vs. *Chicago Railways Co.,* 270 Ill. 34; *City of Winchester* vs. *Ring,* 312 Ill. 552.

We have repeatedly held that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable. *Crabtree* vs. *State,* 7 C. C. R. 207; *Kramer* vs. *State,* 8 C. C. R. 31; *Shumway* vs. *State,* 8 C. C. R. 43; *Titone* vs. *State,* decided at the January term, 1937, of this court.

Therefore we have no authority to allow an award in this case, and the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.