Daniel Sperry et al., Plaintiffs-Appellants, v. Robert Punke et al., Defendants-Appellees.

(No. 12063; )

Fourth District—July 19, 1973.

William A. Allison, of Bloomington, for appellants.

Markowitz, Lawrence, Lenz, Jennings & Naylor, of Bloomington, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal from the Circuit Court of McLean County. Plaintiffs-appellants Daniel Sperry and Mildred Sperry sought damages from defendants-appellees Robert Punke and Ace Liquors, Inc., during oral argument plaintiffs abandoned their appeal as to Ace Liquors, Inc. The basis for plaintiffs' claim was their contention that defendant had, by excavation, removed lateral support from a lot owned by them. A detailed recital of the testimony would have no precedential value and we affirm the judgment of the trial judge, who heard the case without a jury, under Supreme Court Rule 23.

██ Plaintiffs' principal contention is that the trial judge refused to admit testimony as to the cost of building a retaining wall. This ruling was correct. Damages for removal of lateral support is the diminution of the value of the lot. (*Schroeder v. City of Joliet*, 189 Ill. 48, 59 N.E. 550; *Kane v. City of Chicago*, 392 Ill. 172, 177, 64 N.E.2d 506.) There was no evidence as to diminution of the value of plaintiffs' lot and consequently no basis upon which a judgment for damages could have been predicated. We have examined the record and find no error in the refusal of the trial judge to grant plaintiffs' motion for continuance made during the course of the trial. Plaintiffs sought punitive damages and assign as error the trial judge's refusal to admit evidence concerning defendants' personal wealth. There being no evidence of actual damage the ruling was correct quite apart from the question of the sufficiency of the evidence to establish willful and wanton conduct on the part of defendants.

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.