### PHŒBE E. WALTERS v. ADRIAN CHAMBERLIN.

*Trespass—Illegal action of drain commissioner—Damages.*

Plaintiff sued defendant in trespass for digging a ditch on her land,. and upon the trial in the circuit court the commission of the acts. complained of was admitted, and the plaintiff proved that her damage was $100 if she refilled the ditch, and $500 if it remained open. The defendant justified under the proceedings of the drain commissioner in establishing the ditch, and the contract for its construction, of which he was the assignee, which were objected to by plaintiff on the ground that the application for the appointment of the special commissioners and the warrant. were fatally defective, illegal, and void; which objection was sus-

tained, and no exception taken by defendant to the ruling of the court.

*Held*, that this was an end of the case, and that, the proceedings being void, no rights could accrue to any one thereunder; that the presence of the plaintiff or her agent while the proceedings were being had before the commissioner, without objection, was no waiver of such defects, which were not mere irregularities.

*Held*, further, that the court correctly instructed the jury that the measure of plaintiff's damages was the cost of putting the land in the same condition it was before the trespass, if that can be done, and such other damages as she may have sustained from the loss of the use of the land. ·

Error to Monroe. (Joslin, J.) Argued January 20, 1887. Decided April 14, 1887.

Trespass. Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. A. Golden* and *E. R. Gilday*, for appellant.

*E. Baldwin* and *O. A. Critchett*, for plaintiff.

SHERWOOD, J. This cause was commenced in justice's court, and is an action of trespass, brought by the plaintiff against the defendant for entering upon her land, and there digging up, excavating, and removing the dirt, and therewith covering up and destroying the grass upon the land growing, and making a ditch thereon, to her damage $100. Defendant pleaded the general issue, and gave notice that he would show on the trial that what he did in the premises was in the construction of a drain, duly laid out, authorized, and established by the township drain commissioner across the plaintiff's land; that he had the contract for the construction of the same; and that the title to real estate would come in question; and filed the statutory bond; and the cause was duly certified to the circuit court for the county of Monroe, where a trial was had before Judge Joslin, by jury. The plaintiff obtained judgment, and the cause is now before us for review on error.

There was no question made upon the trial but that the defendant committed the acts complained of. The plaintiff showed by her testimony that her damage by reason of the digging was $100, in case she should refill the ditch, and $500 if it was allowed to remain open. The defendant, for the purpose of justifying his action, then offered the proceedings of the drain commissioner in establishing the ditch, and the contract made for the construction of the same, and of which the defendant was assignee, under which he entered upon the plaintiff's premises and committed the acts complained of. This was objected to, upon the ground, among others, that the application for the appointment of the special commissioners, also the warrant, were fatally defective and illegal and void, and no defense to the plaintiff's suit. The plaintiff's objection was subsequently sustained by the court, and no exception seems to have been taken to this ruling. This is clearly an end of the case. The proceedings of the commissioner being void, no rights could accrue to any party thereunder; and if the plaintiff, either by herself or by her agent, was present while the proceedings were being had before the commissioner or commissioners, and did not object thereto, it would make no difference. It is more than an irregularity that is complained of. It is the invalidity of what was done that is found by the court; and, so long as she objected to the defendant's digging the ditch, he could not go upon the premises for that purpose.

The court charged the jury as to the measure of damages as follows:

"The question for you to determine is what it would cost this woman to put this ditch as the defendant found it before he interfered with it; and you may take into consideration that, if the ditch is filled up, how long it will be before the ground would be in a condition to use as farm land. The measure of damages is what it is worth or will cost plaintiff to put her land in the same condition it was in before the trespass (if it can be done so), and such other damages as

she may have sustained from the loss of the use of the land."

We see no objection to this portion of the charge. Her actual damages alone are allowed to be given, and no less could be expected or ought to be given. The judgment at the circuit must be affirmed, with costs.

The other Justices concurred.