## THE MADISON COAL COMPANY

*v.*

## EDWARD HAYES.

*Opinion filed June 23, 1905.*

1. MINES—*clause (e) of section 19 of the Mines act construed.* Liability for failure to comply with clause (*e*) of section 19 of the Mines and Mining act of 1899, (Laws of 1899, p. 318,) requiring permanent doors used in directing ventilating currents to be so hung as to close automatically, is not limited to injuries caused by improper ventilation. ·

2. SAME—*when door is "permanent," within the meaning of the statute.* A door in a mine which is intended to be maintained as long as there is coal to be mined in the entry is a "permanent" door, within the meaning of the Mines and Mining act, regardless of the quantity of coal to be mined there.

3. SAME—*what is a "principal doorway" is a question of fact.* Whether a particular doorway in a mine is a "principal doorway," within the meaning of clause (*f*) of section 19 of the Mines and Mining act of 1899, is a question of fact.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

KRAMER, KRAMER & SHAEFFER, (JOHN G. DRENNAN, of counsel,) for appellant.

M. W. SCHAEFER, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellee, while in the employ of the appellant company as a "mule driver" in its mine, in endeavoring to pass through one of the doors of the mine with his mule and a "trip of cars," was, while attempting to close the door, caught between the door and one of the cars and injured. The door

215 –40

was not so constructed as that it would close automatically, nor was any one in attendance at the door charged with the duty of opening and closing it. He brought this action against the company to recover damages for the injuries sustained, basing his right of action on the alleged willful omission of the appellant company to comply with the requirements of clauses (*e*) and (*f*) of section 19 of chapter 93 of our statutes, entitled "Mines and Miners." (Hurd's Stat. 1903, p. 1261.) He recovered a judgment in the sum of $1500, which has been affirmed in the Appellate Court for the Fourth District on appeal, and the record is before us on the further appeal of the company.

Clause (*e*) provides that "all permanent doors in mines used in guiding and directing the ventilating currents shall be so hung and adjusted as to close automatically." By clause (*f*) it is required that "at all principal doorways through which cars are hauled an attendant shall be employed for the purpose of opening and closing said doors when trips of cars are passing to and from the workings."

The first count in the declaration alleged it was a principal doorway by which appellee was injured, and averred that the appellant company willfully failed to keep an attendant to open and close the door when the appellee was passing through it with a "trip of cars." The second count averred that said doorway was a permanent one and used for the purpose of guiding and directing the currents of air; that the appellant willfully neglected and failed to construct said doorway so that it would close automatically, and on this account appellee was injured.

The motion of counsel for the appellant company that a verdict be peremptorily directed in its favor was denied. This is assigned as for error, and counsel say: "It is our contention that even though the question of whether or not a doorway in a coal mine is a principal one and whether or not a door is a permanent one are ordinarily questions of fact, yet in this case, under this evidence, these questions were

questions of law, and the court should have directed a verdict in favor of appellant."

We cannot assent that clause (e) was enacted for the sole purpose of securing proper ventilation of the mine, and that it is only when there is a failure in respect of this object, and an injury results from the want of necessary ventilation, that an action can be maintained. Doors are placed in mines for the reason they are necessary to guide and direct the ventilating currents of air. If allowed to stand open, by reason of carelessness or some other cause, the doors would fail to direct and control the currents of air and the lives of miners would thus be endangered. If constructed in such manner that they would close automatically, danger arising from lack of proper ventilation would be obviated. We can not say that the drivers of "trips of cars," when passing through the doors with their mules and cars, would not be exposed to the danger of injury if required to open and close the doors and at the same time perform their duties as drivers. In the case at bar the appellee was injured while attempting to close the door. Other employees of the mine may also likewise be exposed to danger in attempting to open or close the doors. Doors which close automatically were therefore required for the protection of those who were in danger of receiving injury because of the necessity that the doors should be closed after having been opened to permit passage through them.

Clause (e) refers only to "permanent" doors in the mine. Counsel urge that it appeared from the proof, without controversy, that the door by which the appellee was injured was intended to be kept at that place in the mine only for such length of time as might be required to mine the coal in stub-entry No. 10, and that adjoining the side of the mine on which this stub-entry is located is a cemetery, under which the appellant company does not own the coal, and that all the coal belonging to the company which could be reached by the stub-entry No. 10 would be mined and removed with-

in two and a half years and that the door would not be required there after that period, hence it is argued the door should, as matter of law, be declared not a permanent door, within the true meaning of that word as used in the statute. The quantity of coal remaining to be mined in a mine, or any entry thereof, furnishes no criterion for determining whether a door is a permanent door, within the meaning of this statute. If a door is to be used indefinitely, as long as it is necessary that a door shall be maintained at the point, it is to be regarded as a permanent door. A door intended to be maintained as long as coal remains to be mined and removed is not a temporary door, but is a permanent part of the mine and a permanent door, within the meaning of said clause (e). The evidence therefore was in this respect sufficient to establish the cause of action set forth in the second count of the declaration. It is not urged that the evidence was in any other respect insufficient to support the second count, and the motion for a peremptory verdict was properly denied.

It is urged the court erred in refusing to grant instructions Nos. 11, 13 and 14 asked by the appellant company. Each of these instructions attempted to define the words "principal doorway," and to direct the jury, as matter of law, when a doorway was or was not a principal doorway. In *Himrod Coal Co. v. Stevens,* 203 Ill. 115, we said the question whether the door in a mine is a principal door is a matter of fact. Moreover, it was proven, as charged in the second count of the declaration, that the appellee, when passing through a door of the mine with a "trip of cars," was injured in attempting to close the door, and that the door did not close automatically. The only issue of fact under this count was whether this door was a permanent door. It was thought by counsel for appellant not a permanent door for reasons which were insufficient to justify that conclusion, as we have hereinbefore indicated. The appellee was therefore entitled to a verdict and judgment on the second count of the declaration. The instructions which were refused related

only to the charge in the first count of the declaration, and even if those instructions properly defined the term "principal doorway," the refusal to give them would not defeat the right of the appellee to verdict and judgment under the second count. *Chicago City Railway Co.* v. *Carroll*, 206 Ill. 318.

The judgment is affirmed.     *Judgment affirmed.*