## Solomon Swanson v. Louise Nelson.

### Gen. No. 12,483.

1.  MEASURE OF DAMAGES—*in action for injury to real property.*    In
an action for injury to real property by physical invasion the measure
of damages is the cost of restoration or the difference in market value,
before and after the invasion, according to which is the lesser amount.

Action of trespass. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed May 21, 1906.

EDWIN A. OLSON, for appellant.

ORR & WENTWORTH, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

In 1892 Louise Nelson, the appellee, erected a three-story brick stone front building at 314 Garfield boulevard in Chicago, the walls of which were sixteen inches thick from the basement to the first floor and twelve inches thick from the first floor up.

The appellant, Solomon Swanson, took the contract for the carpenter work on said building. He owned the next lot west, at 316 Garfield boulevard, and very shortly after the building of the appellee's house was commenced, began to build one for himself on that lot. When the walls of appellee's building were a story and a half high, the foundation of appellant's building had been laid. The brick walls of the appellant's building were sixteen inches thick from the basement to the first floor. When the first floor was reached, to provide for the construction of a bay window from that floor to the roof at the east side of his house, the appellant laid six 2x10 joists across his building. The joists thus rested on his east and west walls. Their east ends, however, extended out towards appellee's building. The west wall of appellee's house was flush with the dividing line between her lot and appellant's, but the east wall of the appellant's building was three feet and a half from said line.

In some method, probably made easier by the greenness of the wall, the mortar not having hardened, the workmen building the appellant's house thrust the ends of four of these six two by tens into the wall of appellee's house, for distances variously estimated by witnesses in this case as from one inch to four inches. Whether or not the appel-

lee knew of this trespass at the time is in dispute between the parties and despite her denial there is some evidence strongly tending to establish such knowledge. But for the purposes of our consideration of the case it must be assumed that she was ignorant of it, until, as she testifies, she discovered it eight years thereafter.

The appellant testifies that he was not present when the trespass was committed and did not know of it at the time, but learned of it immediately thereafter and gave instructions that the like trespass should not be repeated on the second and third floors. A plate was constructed on the ends of the joists, making the bottom of the bay window structure, and on this plate two by four uprights were placed to form the skeleton work of the window. Some of these uprights were flush against the wall of appellant's building, and the testimony is somewhat variant as to whether or not they were nailed to the appellee's wall. Some twenty penny nails, at all events, and perhaps many, were driven through these uprights into her wall and some four penny nails were also driven through the galvanized iron sheeting of the bay window into the same wall. But the second and third floor joists were notched into the uprights, not carried into the wall. Heavy furring was put on the uprights and the skeleton framework thus made lathed and plastered.

In 1900 some unfriendliness arose between the family of appellant and that of appellee, and appellee claims then to have discovered with other causes of difference this trespass on her property. Examinations followed, conducted partly at least by some church committee, for the purpose of finding a method of composing the trouble. Appellee claimed that her wall had been made to settle and her building had been depreciated in value by the trespassing acts of appellant. This appellant denied, although admitting the trespass.

After the committee's examination the appellant sawed off all the joists but one and attempted entirely to disconnect the bay window from the brick wall. Appellee, how-

ever, objected to his meddling with her wall and the corner of one joist resting in the wall was not therefore cut off until after the present suit had begun.

In August, 1903, the appellee brought suit in the Superior Court of Cook County against the appellant, laying her damages at $25,000. She filed a declaration wherein she complained that the appellant on the first day of January, 1892, and on divers other days from that time to the commencement of the suit, with force and arms broke and destroyed her wall and placed certain joists in holes in the same made by him, and continued to maintain them there until the day of the suit, and also that afterwards the defendant broke and entered the plaintiff's close, and broke and destroyed a pavement of the plaintiff. The appellant pleaded not guilty and that he committed the said several supposed trespasses by the leave and license of the defendant. The case came to trial April 1, 1905. By agreement it was submitted to the trial judge without a jury. He found the appellant guilty and assessed the damages at $800. A motion for a new trial and one in arrest of judgment having been overruled, the appellant perfected an appeal to this court.

He argues first under his assignment of error here, that the evidence adduced did not substantiate either the destruction of the wall or of the pavement, and that as these were the only things charged by the plaintiff's declaration, the court at the close of the plaintiff's case should have found the defendant not guilty on his motion to that effect, and that the court should have afterward sustained the motion in arrest of judgment.

The declaration charges the breaking of plaintiff's wall as well as its destruction, and specifies the act of trespass which was proven of placing the ends of certain joists in the plaintiff's wall, and we think the court committed no error in refusing to find the defendant not guilty and in refusing to arrest the judgment.

But the appellant also argues that the trial judge erred in holding the only measure of damages to be the differ-

ence in market value of appellee's property caused by the attachment to it of appellant's bay window and in refusing to admit in evidence the cost of disconnecting said window and repairing the wall so that it would be in as good condition as it was before the injury complained of.

We think that his complaint in this respect is well founded. Counsel for appellee urge that it does not appear by the record that the court in assessing damages was governed by the rule that the difference in market value alluded to was their only measure. We do not think this contention can be sustained. The trial judge early in the trial seems to have assumed that to be the correct theory, and in ruling out testimony as to the cost of restoration offered by the appellant he expressly declared that he "held that the proper measure of damages in this case is the difference in market value of the property in question in 1901, with and without the bay window attached."

In refusing to hold certain propositions of law submitted by the appellant, particularly the proposition numbered six, he confirmed the inference fairly to be gathered from other rulings, that his estimate of damages was made solely on the basis of market values.

The appellee takes also the position somewhat inconsistent with the one before described, that appellant voluntarily consented to the trial of the cause on this theory of the measure of damages. There is nothing to sustain this in the quotation from the record made by her counsel or elsewhere.

The appellant's counsel objected altogether to the questions concerning market values, among other reasons alleging them to be immaterial, and by the evidence and propositions of law offered by him showed that his theory of the proper measure of damages differed from that of the court.

Our decision in this case must therefore turn on whether or not the true measure of damages is the difference in the market value of the property with and without the effects

of the trespass, thus excluding consideration of the cost of a possible repair and restoration.

We do not think it is.   In our opinion the primary and logical rule is that the cost of restoration or repair is to be considered the measure of damages in cases of injuries to real property.   This makes the damages conform to the general theory of the law that they are to be indemnity or compensation.   But it frequently happens that an injury or trespass to real property may be in a certain sense irreparable.   The condition of things before the trespass was committed or the injury done cannot be restored at all, or can be restored only at a very great and disproportionate expense.   In either of these cases another measure of damages is properly adopted by the courts, namely, the difference in market value of the property before and after the act complained of.   The result of this reasonable view which has been taken by almost all courts of last resort where they have had occasion to pass on the matter has been to establish a rule that makes the measure of damages, in cases of injury to real estate, the cost of restoration or the difference in market value, as one or the other is the less amount.   Jones v. Gooday, 8 Mees & Welsby, 146; Hartshorn v. Chaddock, 135 U. S. 116; Seeley v. Alden, 61 Pa. 302; Lentz v. Carnegie, 145 Pa. 612; Zibarth v. Nye, 42 Minn. 541; Larsen v. Oregon, R. & Nav. Co., 19 Oregon, 240; Gilmore v. Driscoll, 122 Mass. 199; Graessle v. Carpenter, 70 Iowa, 166; Walters v. Chamberlin, 65 Mich. 333; Harrison v. Kiser, 79 Georgia, 595; Brooke v. McLean, 5 Ontario, 209.

This is the rule that should have been adopted in this case.

That it was not so adopted is evident from the rulings and declarations of the court during the trial, and as it seems to us from the amount of the award.

In the absence of the evidence which should have been received concerning the cost of restoration, it is not perhaps very pertinent for us to allude to the complaint made that the damages are excessive.   It is not improper for us,

however, to say that we are but little impressed with the strength or importance of the "expert" opinions, on the subject of the difference in market value of appellee's property caused by the trespass complained of.

Considering all the evidence together we are far from being satisfied that any very serious or permanent injury was done to the appellee's property, or any wrong perpetrated that could not and should not have been the subject of friendly and inexpensive settlement.

We reverse the judgment and remand the cause.

*Reversed and remanded.*