AMERICAN ICE CO. v. POCONO SPRING WATER ICE CO. et al.

(Circuit Court, E. D. Pennsylvania. May 24, 1910.)

No. 19.

1. COURTS (§ 365*)—FEDERAL COURTS—STATE LAW AS RULE OF DECISION.
    The measure of damages for evicting a lessee under a lease of lands in Pennsylvania applied in a suit in the United States Circuit Court should be the rule adopted by the Supreme Court of that state.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969–971; Dec. Dig. § 365.*
    State laws as rules of decisions in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. LANDLORD AND TENANT (§ 180*)—EVICTION—MEASURE OF DAMAGE.
    Ordinarily a lessee's measure of damage for wrongful eviction is the consideration paid by the lessee; but, where the eviction is due partly or wholly to the lessor's fraud or collusion, a different rule governs.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 723–727; Dec. Dig. § 180.*]

3. LANDLORD AND TENANT (§ 180*)—EVICTION—DAMAGES RECOVERABLE.
    A lessee wrongfully evicted is properly allowed the cost of removing from the premises and an allowance for failure of consideration of his

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreement to assume contract obligations as a part consideration for the lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 723–727; Dec. Dig. § 180.*]

4. Costs (§ 172*)—Attorney's Fees—Right to.

On a bill for an accounting for the benefit of creditors, no fee should be allowed defendants' counsel, where they were engaged solely in defending their individual clients from personal liability.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 172.*]

In Equity. Bill by the American Ice Company against the Pocono Spring Water Ice Company and others. On exceptions to the master's report. Decree directed.

Frank R. Savidge, Henry R. Edmunds, and John G. Johnson, for complainant.

Ira J. Williams, Aaron Goldsmith, and Simpson & Brown, for defendants.

J. B. McPHERSON, District Judge. The facts of this case are stated in a former opinion, reported in 165 Fed., at page 714. I was in a good deal of doubt at that time what measure of damage should be applied, and only with some reluctance reached the conclusion that one of the elements was the value of the unexpired term. The master was right in following the court's instruction upon that point (whatever his private opinion may have been), and, while I am now obliged to disagree with him, I do so only because further examination of the question has convinced me that I should myself have followed the Pennsylvania rule. The point arises under a lease of lands in Pennsylvania, and the rule of the state court should be adopted. That rule is definitely announced in Lanigan v. Kille, 97 Pa. 120, 39 Am. Rep. 797, and I therefore rely upon the authority of that case, and of the numerous kindred decisions referred to in the defendants' brief, to sustain the proposition that, where an eviction has broken the lessor's covenant for quiet enjoyment, the measure of damage is ordinarily the consideration paid by the lessee. Where the eviction is wholly or partly due to the fraud or collusion of the lessor, a different measure is proper; but, as the Supreme Court of Pennsylvania has decided that no fraud is to be found in the present case, Lanigan v. Kille furnishes the rule that should be applied. But I see nothing in that decision to prevent the allowance under the facts in proof of two other items, about which there is evidence, namely, the cost of removing from the premises, and the partial failure of consideration growing out of the Van Orden litigation. Based upon these sums I think the complainant is entitled to a decree.

I agree with the master that no fee should be allowed to the defendants' counsel. They have been engaged neither in raising nor in protecting a fund for the benefit of creditors. They have been solely occupied in defending their individual clients from personal liability, and to these clients they must look for compensation.

The interlocutory decree—to which neither party made any objection in this particular—describes the fund to be accounted for as

composed of two items, $50,250 and $14,338.81, making an aggregate of $64,588.81. A decree may be drawn making distribution of this sum in accordance with this opinion; one-half of the costs of the entire proceeding, including the fee of the examiner and master, to be paid by the complainant, and one-half to be paid by the defendants.