Bert Scott, Appellee, *vs.* The Parlin & Orendorff Company, Appellant.

*Opinion filed June 29, 1910.*

1. Pleading—*different acts of negligence may be charged in different counts—proof.* It is allowable to charge, in different counts of the declaration, different acts of negligence as the cause of the injury alleged, and the plaintiff is not required to prove each count of the declaration in order to entitle him to a verdict, and he may recover if one count is sufficient and the proof supports that count.

2. Practice—*principle of sections 71 and 78 of Practice act applies where there is one count supported by evidence.* Although sections 71 and 78 of the Practice act have reference to counts of the declaration which are defective or faulty in the sense that they are not sufficient to support a verdict, yet by analogy the same principle applies where there are several good counts but one or more of them are not supported by evidence.

3. Same—*effect of erroneous denial of a motion to take unproved counts from jury.* The erroneous denial of a motion to take from the jury counts of the declaration there is no evidence tending to prove is not ground for reversal if there is one good count which there is evidence tending to support, as it will be presumed the jury based their verdict on the count supported by the proof.

4. Master and servant—*when a servant is relieved from assumption of risk.* Where a servant complains to the master of a dangerous condition and the master promises to remedy the same, the servant may, in reliance upon such promise, remain in the employment a reasonable time without assuming the risk of such conditions, unless they are so obvious that no man of ordinary prudence would engage in the work or unless the defects are in tools or appliances of simple construction, with which the servant is as familiar as the master.

5. SAME—*whether the servant continued in employment more than a reasonable time is for the jury.* Whether the dangerous conditions complained of by a servant were of such a character that no reasonable man would have remained in the employment notwithstanding the master's promise to repair, and whether the servant continued in the employment longer than was reasonably necessary to enable the master to fulfill his promise to repair, are questions of fact for the jury.

CARTWRIGHT, HAND and DUNN, JJ., dissenting.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the City Court of Canton; the Hon. P. W. GALLAGHER, Judge, presiding.

PAGE, WEAD, HUNTER & SCULLY, for appellant.

CHIPERFIELD & CHIPERFIELD, for appellee.

Per CURIAM: This action was brought to recover damages for a personal injury. The declaration consisted of four counts. The first three counts charged the defendant with negligence in failing to furnish plaintiff a reasonably safe place to work and reasonably safe appliances to work with in the performance of his duty; that defendant knew of the unsafe conditions and appliances and that plaintiff did not know and that he did not have equal means with defendant of knowing of them. The fourth count charges the same negligence as the first three, and avers that plaintiff had knowledge of and notified defendant of the dangerous conditions complained of, and was induced to continue in his work and employment by the promise of defendant to remedy the said defects and dangerous conditions; that relying on the promise of defendant to remove the dangerous conditions plaintiff continued in defendant's employment and was injured. The evidence tended to prove the negligence charged but showed plaintiff knew of the dangerous conditions of which he complained. The evidence also tended to prove complaint by plaintiff and a promise

to repair by the defendant, as charged in the fourth count. At the close of the evidence defendant asked the court to instruct the jury that the plaintiff could not recover under the first, second and third counts of the declaration. The court refused to so instruct the jury and submitted the case under the whole declaration. There was a general verdict of guilty as charged in the declaration and plaintiff's damages were assessed at $3800. Upon the verdict thus returned the court rendered judgment. That judgment was affirmed by the Appellate Court for the Third District, and the case is brought here by appeal.

Appellant contends that the refusal of the court to instruct the jury there could be no recovery under the first three counts of the declaration was reversible error. If the first three counts of the declaration had stood alone it would have been essential to a recovery by plaintiff that he not only prove the negligence charged, but also that he did not know, and did not have equal opportunity with defendant of knowing, of the dangerous conditions complained of. There was no proof to support those averments, but the proof showed he did know of the conditions complained of. The proof supported the allegations of the fourth count as to the negligence charged, and also the notice to defendant and its promise to repair as alleged. The court would have been justified in instructing the jury that plaintiff could not recover under the first three counts of the declaration. Was the refusal to do so reversible error?

It is allowable to charge different acts of negligence in different counts of a declaration as the cause of the injury alleged, and the plaintiff is not necessarily bound to prove each count of the declaration in order to entitle him to a verdict. If there is a sufficient charge of negligence in one count and the proof shows the injury to have been caused by that negligence, the plaintiff may be entitled to recover even though he fails to prove the negligence

charged in another count. This rule has been universally applied where no request was made to withdraw from the jury a count or counts not supported by the evidence. In such case the presumption is indulged that the verdict was based on the count or counts supported by the proof. Is this presumption unauthorized where a request is denied to instruct the jury there can be no recovery under certain counts because they are not supported by the evidence? It seems sometimes to have been thought that sections 71 and 78 of the Practice act are applicable to this question. Section 71 provides that if one or more counts of a declaration are "faulty" the defendant may apply to the court to instruct the jury to disregard such "faulty" count or counts. The 78th section provides that where there is an entire verdict on several counts it shall not be set aside or reversed on the ground of any "defective" count if there are one or more counts in the declaration sufficient to sustain the verdict. Obviously the latter of these sections of the statute is not applicable to the question here presented. Those sections were construed in *Consolidated Coal Co.* v. *Scheiber,* 167 Ill. 539. In that case the declaration contained six counts. The defendant asked instructions severally applicable to each count directing the jury to disregard such count. The court gave the instruction as to the sixth count but denied the others. The contention, on appeal, appears to have been that the five counts were "faulty," and that it was the duty of the court, under the 71st section of the Practice act, to have instructed the jury to disregard them. The court held that the fourth and fifth counts were sufficient after verdict, and said: "If there is one good count to which the evidence was applicable and which is sufficient to sustain the judgment, the error of the court, if any, in refusing to instruct the jury to disregard the other counts becomes harmless." It was also held that the refusal of the court to give the instructions was not a decision that the counts were faultless, but that they were

sufficient after issue joined, in view of the evidence, to support a verdict and judgment; that "faulty counts" did not mean any defect in form that might be reached by demurrer, but meant such, only, as would be insufficient to sustain the judgment after verdict. The court referred to the common law rule that although there may be good counts in a declaration, yet if there is one bad count the judgment will be arrested, and said that rule applied only where the bad count was insufficient to support the judgment and not where it was merely defective in stating the cause of action. The common law rule, the court said, had been changed by our statute, so that where there is an entire verdict on several counts it will not be reversed or set aside because the declaration contains a bad count if there are one or more counts sufficient to sustain the verdict. The court appears to have treated "faulty counts" and "defective counts" as meaning the same thing, viz., counts insufficient to support the judgment after verdict. It was held that while the 71st section authorizes a defendant to ask the court to instruct the jury to disregard a faulty count,—*i. e.,* a count insufficient to support a verdict and judgment,—if there is one good count in the declaration a refusal to give the instruction is harmless error, because the 78th section provides that an entire verdict on several counts will not be reversed or set aside on account of any defective count,—*i. e.,* a count insufficient to support a verdict and judgment,—if there are one or more counts in the declaration sufficient to sustain the verdict.

Under the common law the evidence was not preserved by bill of exceptions, and the rule requiring the judgment to be arrested when there was a general verdict under several counts and one of them was bad was based on the theory that it could not be determined whether the verdict was based on the good counts or the bad one. The reason for this rule was thought to have ceased when the present method of preserving the facts by bill of exceptions

was adopted, because the reviewing court could look to the evidence to determine whether it sustained a good count or counts in the declaration. If it did, then the judgment would not be reversed even though there was a bad count in the declaration. The 78th section of the Practice act is a legislative declaration that a defendant is not prejudiced by a general verdict in such cases. The effect of this statute is to require the presumption to be indulged in such cases that the verdict was based on the good counts to which the evidence was applicable. On principle it would seem if a defendant is not prejudiced by the refusal of the court to take a "faulty count" from the jury if the declaration contains other good counts, he would not be prejudiced by the refusal of the court to take a count not supported by the evidence from the consideration of the jury where there are other good counts supported by the evidence. Instructions have been repeatedly approved telling the jury the plaintiff was entitled to recover if he had proved the negligence charged in the declaration or some count thereof. Manifestly, the defendant who had not asked the court to instruct the jury that no recovery could be had under certain counts because they were not supported by proof would not be in condition to complain of a general verdict because some of the counts were not proven. A defendant may,—and it is the practice commonly adopted,—request the court to inform the jury by instructions what the issues are under the different counts and that there can be no recovery unless the material allegations are proven. The author (one of the justices of the Supreme Court of North Carolina) of the chapter on Appeal and Error, (3 Cyc. 316, 317,) says that every reasonable presumption will be indulged, to the end that the judgment may be supported by the verdict, with reference to "uncertainty as to which of several counts was made the basis of the verdict where some portions of the plaintiff's pleading are insufficient or unproved,—un-

certainty upon which of several defenses the verdict was based where one or more are insufficient or unproved."

Independent of the statute, it would seem there is no more reason for indulging the presumption that a general verdict under several counts, some of which are good and some bad, is based on the good counts, than there is for indulging the presumption that where there are several good counts, some of which are supported by the evidence and some not supported by it, that the verdict was based upon the counts proven. It certainly would not require a higher degree of intelligence on the part of the jury to discriminate between counts proven and counts not proven than between good counts and bad counts in arriving at their verdict. And so, while the strict letter of the statute referred to is not applicable to the question here involved, its spirit and reason are and have been repeatedly so applied by this court.

*Chicago City Railway Co.* v. *Carroll,* 206 Ill. 318, was a suit for personal injuries. The declaration consisted of six counts. At the close of all the evidence the defendant offered instructions applicable to each of the six counts instructing the jury that no recovery could be had under the respective counts, but the court refused to give them, and this was one of the errors assigned on the appeal. On this question this court said, on page 327: "The theory of appellant as to these instructions seems to be, that there was no evidence, or not sufficient evidence, to support any count in the declaration. From what we have already said it is quite clear that as to at least three counts the instructions were properly refused, and though there may have been counts that there was no proof to sustain, they were all for the same injury, and any one good count would have been sufficient to support a verdict and judgment. It has not been, and cannot well be, as we think, pointed out how appellant could be injured by the refusal of these instructions as to particular counts when other counts must have been

permitted to stand to evidence applying to them, and we would not reverse the case for such error if it existed."

*Chicago, Wilmington and Vermilion Coal Co.* v. *Moran,* 210 Ill. 9, was a suit for personal injuries. The declaration consisted of five counts. The trial court refused instructions asked by defendant applicable to each count, telling the jury there could be no recovery thereunder. This ruling was passed upon by this court on appeal, and on that subject the court said, on page 16: "There were instructions offered by the defendant and refused, severally applicable to each count and stating that the plaintiff could not recover under such count, and they were all refused. There was no evidence tending to sustain the fourth and fifth counts, but the first three counts each stated a good cause of action and there was evidence tending to sustain them. The court might properly have given the instructions relating to the fourth and fifth counts, but inasmuch as the first three counts each stated a cause of action and the evidence was applicable to them, the refusal of the instructions as to the fourth and fifth is not ground for reversal."

*Olson* v. *Kelly Coal Co.* 236 Ill. 502, was a suit to recover for personal injuries. The declaration consisted of three counts. The first charged a violation of a statutory duty of defendant, and the second and third charged defendant with failure to comply with its common law duty to furnish the plaintiff a reasonably safe place in which to work and a safe mule to drive in the performance of his duties. On the trial defendant moved the court to withdraw the common law counts from the jury on the ground that there was no evidence to support a recovery under them. This court held there was evidence tending to support both the statutory and common law counts, but said: "It is settled in this State that one good count in a declaration which is supported by the evidence will sustain a

verdict and judgment although other counts in the declaration may not be supported by the evidence."

In these cases the court clearly was not attempting to base the decisions on the 71st or 78th section of the Practice act, for no question appears to have been raised in any of them as to the sufficiency of any count. The direct question was raised that at least some of the counts were not supported by any evidence, and on that ground the trial court was requested to take them from the jury. These cases are supported, in reason, by the following cases, although the question was not there so directly involved: *Madison Coal Co.* v. *Hayes,* 215 Ill. 625; *Eldorado Coal and Coke Co.* v. *Swan,* 227 id. 586; *Chicago and Alton Railroad Co.* v. *Redmond,* 171 id. 347; *Pennsylvania Co.* v. *Backes,* 133 id. 255; *Klofski* v. *Railroad Supply Co.* 235 id. 146.

Appellant contends that the declaration does not negative the defense of assumed risk and that the giving of instructions 1 and 5 for appellee was erroneous. The objections to these instructions are, that they told the jury if, appellee proved his case as alleged in his declaration he was entitled to a verdict. The fourth count of the declaration, after setting out the dangerous conditions which it is alleged caused the injury, avers that appellee notified appellant of the dangerous conditions and that the place he was required to work in was not reasonably safe; that appellant promised appellee to remedy the conditions and make them reasonably safe forthwith, and in reliance upon said promise appellee was induced to remain in the employment of appellant and to continue to perform the duties required of him, and that while so employed and relying upon the promise to repair, and in the performance of his duties with due care and caution for his own safety, he was injured. Under such circumstances the servant is relieved from assumption of the risk for such time as is reasonably necessary to enable the employer to remedy the

dangerous conditions, unless they are so obvious and im-
minent that no man of ordinary prudence would engage in
the work, or unless the defects are in tools or appliances of
simple construction, with which the servant is as familiar
as the master.   Appellee testified that he told appellant's
superintendent, the day before the injury, of the conditions
complained of and that unless they were remedied he would
quit work; that the superintendent told him to go ahead
and he would remedy the conditions complained of.   The
character of the machinery and the combined conditions
alleged to have been the cause of the injury were such
that we think a promise to repair relieved appellee of the
assumption of risk for a reasonable time, unless the dan-
gers were so imminent that no reasonable man would have
continued to work under the circumstances.   Whether the
dangers were of such character and whether appellee con-
tinued longer than was reasonably necessary to enable the
conditions to be remedied were questions of fact for deter-
mination by the jury.   The averment of the promise to
repair, and appellee's continuance to work in reliance upon
that promise, negative assumption of the risk for a rea-
sonable time thereafter.   "By the promise a new relation
is created, whereby the master impliedly agrees that the
servant shall not be held to have assumed the risk for
a reasonable time following the promise."   (*Morden Frog
and Crossing Works* v. *Fries,* 228 Ill. 246, and cases there
cited.)   By the instructions given for appellee the jury
were correctly instructed as to the proof necessary to en-
title him to a recovery for the injury received while con-
tinuing to work in reliance upon the promise of appellant
to repair.   Every material feature of the case and appel-
lant's defense was given to the jury in nineteen instruc-
tions given on behalf of appellant, and we do not think
any prejudice resulted to it from the giving of any instruc-
tions at the request of appellee or the refusal of any in-
structions offered by appellant.

Some other questions are argued by counsel in their briefs, but an examination of them does not impress us that they are of such importance as to require their treatment in detail. This record has had the careful consideration of the court. The case has been tried three times in the trial court, each time resulting in a verdict for appellee. We are of the opinion there is no error in the record that would justify a reversal of the judgment of the Appellate Court, and the judgment of that court is affirmed.

*Judgment affirmed.*

CARTWRIGHT, HAND and DUNN, JJ., dissenting.