# Cora L. Cooper, Appellee, v. Kankakee Electric Light Company et al., Appellants.

## Gen. No. 5495.

1. MEASURE OF DAMAGES—*in action for injury to real property.* For injury to property, such as a house that may readily be repaired or reproduced, the measure of recovery has been held to be the cost of repairing together with the value of its use while that was being done.

2. INSTRUCTIONS—*propriety of reference to declaration.* While the practice of referring the jury to the declaration has frequently been criticized, yet it is not reversible error.

3. INSTRUCTIONS—*when not error to refuse to direct verdict upon particular count.* Where there is one good count which there is evidence to support, it is not reversible error to deny a motion to take from the jury counts which there is no evidence to support.

4. INSTRUCTIONS—*effect of modification* `making instructions applicable to other defendant.* An instruction asked by one defendant is not erroneously modified where the modification merely makes the instruction applicable to another defendant in the case.

Action in case.  Appeal from the Circuit Court of Kankakee county; the HON. CHARLES B. CAMPBELL, Judge, presiding.  Heard in this court at the April term, 1911.  Affirmed.  Opinion filed October 13, 1911.

**Statement by the Court.** Cora L. Cooper brought her action in case against the Kankakee Electric Light Company and the Eastern Illinois Independent Telephone Company to recover damages for the partial destruction of the residence and household goods of the plaintiff by fire.  The first count of the declaration avers that the electric light company maintained a plant which produced a current of electricity capable of starting a fire and was in the possession and control of divers poles and other devices for the transportation and delivery of an electric current from its plant to the various portions of the city of Kankakee; that the telephone company was in possession and control of a telephone exchange together with poles and appliances essential to a telephone service in the city of

Kankakee; and that the defendants were in the joint possession of certain other poles and fixtures in a certain alley, which said poles carried and had connected therewith wires of each of the defendants; that the wires of the telephone company were connected with the residence of the plaintiff; that the defendants negligently permitted their wires to be without proper or sufficient insulation and thereby the electric current of the electric light company escaped to and was conveyed over the wires of the telephone company to the building of the plaintiff, setting fire to it, etc. The negligence averred in the other counts is: in the second, that the wires of both defendants were attached to the same poles; that the telephone wires were small and easily broken and the breaking thereof was a common occurrence; that the telephone wires were immediately above the electric light wires and that the defendants were negligent in failing to provide guard wires or other devices to prevent the wires of the telephone company from coming in contact with the electric light wires, etc.; in the third count that the defendants were negligent in permitting their wires to be in close proximity; in the fourth, that the defendants were negligent in permitting the telephone wires, which easily and often were broken, to be suspended above the electric light wires, etc.; in the fifth that the defendants failed to provide circuit breakers or other devices; and in the seventh, that the defendants negligently failed to discover the escape of the electric current of the electric light company over the wires of the telephone company for more than an hour after the current had commenced to escape over said wires. The general issue was filed to the foregoing counts. Two trials were had before a jury. At the first trial a verdict was returned for $2600 in favor of the plaintiff; a new trial was granted and on a second trial a verdict for $2500 was returned on which judgment was rendered and both defendants appeal.

Small & Merrill, Dyer & Whittemore and Hunter & Schneider, for appellants.

Cooper & Hobbie, for appellee.

Mr. Presiding Justice George W. Thompson delivered the opinion of the court.

It is contended it was not established by a preponderance of the evidence that the origin of the fire by which appellee's residence was destroyed was caused by electricity escaping from the electric light wires of the electric light company over the wires of the telephone company connected with appellee's residence. It is conceded by appellants that they had joint poles, upon which their wires were supported in the alley in the rear of the appellee's residence, and that some of the wires of the electric light company carried a current as high as three thousand volts; that the wires of the telephone company supported by the poles and cross arms were uncovered and uninsulated except where attached to the cross arms and the residence of appellee, and that the telephone wires were above the electric light wires. The evidence shows that the fire occurred in the early morning before daylight, and that after the fire a wire of the telephone company was found broken, with one end of the broken wire hanging across an electric light wire in the alley from four to seven hundred feet from appellee's residence; that there were two wires of the telephone company connected with the appellee's residence on the south side of the house near the southeast corner below the eaves, and that they ran down the side of the house about a foot apart to the base board, then west on the base board three or four feet to a basement window, then into the basement; and that there were no other wires up and down on the south side of the house, and there was no lightning arrester connected with the telephone wires at appellee's house.

There is evidence showing that shortly before the fire the electric current was escaping in the alley from the electric light wires, near where the telephone wire was broken, and that one end of the broken telephone wire was looped over other wires so that it could swing back and forth and that there was a high wind that night; and that there was no fuse in the telephone wire between where the broken wire was looped over other wires and the appellee's residence. The evidence also shows that about midnight there was some trouble with appellee's telephone; that it was making a buzzing noise so that it awoke appellee's husband in an upper room, and that when he tried to answer over the telephone it was "dead"; that the wires of the electric light company were insulated by a covering, but three of them had been in use four or five years and subject to deterioration by the weather. The evidence of N. W. Grinnell, the witness who first discovered the fire, is that he was sleeping in a room in a house six feet from the Cooper residence on the side next to it, and that he was awakened by the light from the fire; that the fire was at the southeast corner of the Cooper home; that he "looked right down on the fire right over it," "it was from the sill up and was very near to the roof but not quite and was about two feet wide;" "it was right along the wires; the insulation on the wires was on fire and the siding was on fire;" the fire was not inside the house, "it was just on the outside." Two other witnesses, George Sanford and George Cooper, testified substantially the same as to the location of the fire when it was discovered. George Cooper who is the husband of appellee also testified that he went through the house at that time and there was no fire inside the house. It was not necessary for the appellee to show the exact manner or point at which the electric current escaped from the electric light company wires to the wires of the telephone company or the precise place where the fire started. It is sufficient

on that subject if the circumstances show that electricity did escape from the wires of the electric light company to the wires of the telephone company and that the fire was started by electricity conveyed to the house over the wires of the telephone company. That a very powerful current did so escape from the wires of the electric light company to the wires of the telephone company that night is proven by other facts in evidence. While appellants undertook to prove theoretically by experts that the fire could not have been started as alleged, yet theories must give way when uncontroverted facts show that the theories are at variance with the facts. The jury were justified in finding from the evidence that the fire was started by the electric current as charged and that there was joint negligence proved against both appellants, either in having light, easily broken wires, which often did break, suspended above the wires of the electric light company carrying such a high potential current, or because there were not proper guards to prevent the upper wires when broken from coming in contact with the lower wires, or in not having an automatic circuit breaker which would have cut off the electric light current the moment a wire was grounded, or for any of the other matters constituting negligence alleged in the declaration which the evidence tended to prove, and which it is unnecessary to review in detail.

Appellants insist "that the plaintiff should not have been permitted to testify as to the rental value of her property, as the true measure of damages in a suit for injuries for a building is the cost of repairing and restoring the building to the condition it was in before the damage," and rely upon FitzSimons v Braun, 199 Ill. 390 (94 Ill. App. 533) as authority for their contention. In that case the measure of damages is said to be the cost of restoring the house to its previous condition. The loss of the use of the building while being repaired was not claimed or referred to.

The question of a recovery for loss of rental was not involved; the injury there sued for did not prevent the use of the building while it was being repaired. It cites section 1018 of Sutherland on Damages as authority for the recovery of the cost of repairs. In this case the house was only partially destroyed, and was not and could not be used, while it was being repaired. For the injury to property, such as a house that may readily be repaired or reproduced, the measure of recovery has been held to be the cost of repairing it together with the value of its use while that was being done. 3 Sutherland on Damages, sec. 1018; 3 Sedgwick on Damages, sec. 944; 28 Am. and Eng. Encyc. of Law 607; Marks v. Culmer, 6 Utah 419; Baker v. Drake, 53 N. Y. 211.

It is also suggested, that after appellee had shown the rental value of the premises, appellants should have been permitted to show that the repairing of the building was delayed for the purpose of effecting a settlement with an insurance company. The appellee after testifying that the rental value was $30 a month and that the house stood four or five weeks before anything could be done to it on account of the weather, was asked on cross-examination if a part of that time was not consumed in waiting for a settlement with the insurance company. The witness answered: "No, sir." Appellee then objected to the question as immaterial; the court sustained the objection. Appellee did not move to exclude the answer, and the answer stood as evidence so that appellant had the benefit of the question and answer. While the question was proper and the objection should have been overruled, appellants were not harmed by the ruling.

Appellants insist there was error in giving the first and sixth instructions requested by appellee. The first instruction is:

"The Court instructs the jury that the questions involved herein as alleged in the plaintiff's declaration,

of negligence, if any, on the part of the defendant or defendants, and the exercise of reasonable care, if any, on the part of the plaintiff are what are known as questions of fact which it is the duty and province of the jury to determine under the law and the evidence in the case.''

The objection made to the instruction is that it does not call the jury's attention to the fact that the jury must take the law as given by the court and that it refers the jury to the declaration to determine what the charges of negligence are. While the practice of referring the jury to the declaration has frequently been criticised yet it is not reversible error and this instruction has been approved in C. & J. Electric Ry. Co. v. Patton, 219 Ill. 214.

Instruction number six tells the jury that if the plaintiff has proved the allegations contained in one or more counts of her declaration by a preponderance of the evidence and her property was injured or destroyed as alleged by or through the negligence of the two defendants as alleged in either count of the declaration and the plaintiff was at all times in the exercise of reasonable care for the preservation of her property then the plaintiff is entitled to recover. Appellants urge that it was error to give this instruction, and to refuse a peremptory instruction directing a verdict for the appellants as to the seventh count for the reason that the seventh count does not state a cause of action. While the seventh count might have been held insufficient on a special demurrer because of defectively stated facts by way of inference from conclusions, yet after verdict the proof is sufficient to sustain a judgment for the reason that the issue joined required proof of the facts imperfectly stated. C. & A. R. R. v. Clausen, 173 Ill. 100; Chicago v. Lonergan, 196 Ill. 518; Steiskal v. Field, 238 Ill. 92. While section 71 of the Practice Act provides that ''If one or more of the counts in a declaration be faulty the defendant may

apply to the court to instruct the jury to disregard such faulty count or counts," yet section 78 provides that "Whenever an entire verdict shall be given on several counts, the same shall not be set aside or reversed on the ground of any defective count if one or more of the counts in the declaration be sufficient to sustain the verdict." Where there is one good count which there is evidence to support, it is not reversible error to deny a motion to take from the jury counts which there is no evidence to support. Scott v. Parlin and Orendorff Co., 245 Ill. 460, and cases cited.

Appellant, electric light company, requested an instruction:

"The law does not permit you to base a verdict upon speculation or mere conjecture, and if the plaintiff's cause of action has not been made out by facts duly proven by a preponderance of the evidence, you should find the defendant, electric light company, not guilty."

The court modified this instruction by adding to it the words "and the defendant, Eastern Illinois Independent Telephone Company, not guilty." This the electric light company urges was error. We are unable to see how the addition could prejudice appellant, electric light company. The instructions are the instructions of the court and not of the parties litigant.

Appellant, electric light company, insists that the court erroneously refused its fifth refused instruction. It is:

"You are instructed that if you believe from the evidence that the fire was caused by a defect in the wires on the premises of the plaintiff, and that the defendant, electric light company, did not install said wires upon said premises, you should find said electric light company not guilty."

The wires were the wires of the appellant telephone company and may have been negligently installed by such company, yet the negligence of the electric light company in its method of placing its high potential power wires beneath the easily and frequently broken

wires of the telephone company unguarded and in permitting its electric current to escape was negligence which this instruction would remove from the consideration of the jury. It was properly refused. Number six was properly refused for the same reason. The seventh refused instruction of the electric light company was properly refused because of the argument contained in it, and all the law in it proper to be given was contained in the electric light company's tenth and seventeenth instructions. After considering the numerous questions raised by appellants we find no error requiring a reversal. The judgment is affirmed.

*Affirmed.*