6

## CAMERON, JOYCE & CO. v. McLOUTH.
### No. 5045.

Circuit Court of Appeals, Seventh Circuit.
March 30, 1934.

William H. Hartzell and Bert M. Cavanagh, both of Carthage, Ill., for appellant.

Robert N. McCormick and John E. Dougherty, both of Peoria, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellant was a contractor engaged in the construction of a hard road adjacent to appellee's farm. Appellee owned 240 acres of land upon which were located a barn (36' x 50') housing hay, harnesses, implements, etc.; a corn crib (30' x 32') in which were 300 bushels of corn; two hog houses (8' x 50') in which there was stored lumber, etc.

It was the theory of appellee, and the jury so found, that the fire which destroyed his barn and his corn crib and hog houses was caused by appellant's carelessly setting fire to a brush pile some 200 feet from the

barn, the sparks from which were communicated to the barn, in some manner setting fire to the hay therein. The burning of the barn led to the firing of the other buildings.

Appellee stated his cause of action in a declaration consisting of four counts, each of which contained an averment of negligence and resulting damages. After the verdict, leave was given to file an additional count wherein appellee alleged he was the owner of 160 acres of land and that such land was depreciated in value to the extent of $7,500 by reason of the destruction of the buildings above mentioned.

 As to the cause of the fire, there is much conflict in the evidence. Appellee testified that on the afternoon of the fire he and his family drove to a neighboring town to attend a funeral. Before leaving, however, he had spoken to the road boss about the burning of the brush pile, telling him the wind was in the wrong direction. He said the brush pile was ten to fifteen feet high and about two hundred feet away from the barn; that the wind was from the northeast, and was sufficiently strong to run the windmill. The evidence respecting the direction of the wind and its velocity was disputed. The fire started in the loft of the barn about fifteen minutes after the brush pile was fired.

Considering all the evidence, we think it is quite clear that the District Court was right in submitting this question to the jury. It is, at least, clear that the firing of the brush pile under the circumstances was negligent, if we accept the statement of appellee as to the location and size of the brush pile and the direction and velocity of the wind. Of course, on review, we are required to accept that version of the testimony which the jury might have adopted as true in arriving at its verdict.

More doubt exists as to whether the evidence was sufficient to support a finding that the barn was set on fire by reason of sparks from the brush pile.

 While the burden of establishing the affirmative of this issue was on appellee and appellant was not required to show how the fire originated, we are, as was doubtless the jury, unable to understand how else the fire originated. There are too many coincident circumstances to avoid the inference of a causal relation.

*Measure of Damages.* The court charged the jury that the measure of damages was the difference between the fair cash market value of the property just before the buildings were destroyed and the fair cash market value of the property just after they were burned. He said:

"Where an injury is administered to or inflicted upon private property by reason of the negligence or carelessness of a person, the measure of damages is the difference between the fair cash market value of the property just before the injury and the fair cash market value of the property just after the injury. You have a right to take into consideration any evidence upon that fact and along that line; and you have also a right to take into consideration any other facts or circumstances in evidence as to the extent of the damages."

 Appellant excepted to this instruction and now assigns error thereon. He also challenges the ruling on the allowance of an amendment to the declaration after verdict, wherein the additional count was added.

The buildings had been erected before appellee purchased the farm for the sum of $18,400 twenty-seven years before. There was no insurance on the buildings. There was evidence that appellee's farm adjacent to the road in question contained 160 acres. He also had an additional 80 acres in another tract. Several witnesses testified, over objection, to the difference in the value of the farm with the buildings on it and without the buildings.

We see no error in allowing the amendment. Oberman v. Camden Fire Ins. Assoc., 314 Ill. at page 266, 145 N. E. 351; Fitzgerald v. Lorenz, 181 Ill. at page 415, 54 N. E. 1029; Smith-Hurd Rev. St. Ill. 1933, c. 110, § 39; Cahill's Ill. Rev. St. 1933, par. 39, c. 110. It is common practice for pleadings to be amended to conform to the proof. In re Bechdolt (C. C. A.) 53 F.(2d) 958.

In determining the measure of damages in actions of this kind, the Federal courts accept the decisions of the courts of the state wherein the damages arose. Thorley v. Pabst Brewing Co. (C. C. A.) 179 F. 338; American Ice Co. v. Pocono Spring Water Ice Co. (C. C.) 179 F. 868; Mullins Lumber Co. v. Williamson & Brown Land & Lumber Co. (C. C. A.) 255 F. 645.

The weight of authority seems to be that ordinarily the measure of damages for the destruction of buildings on a farm resulting from the negligence of another is the value of the buildings destroyed, and the value is generally ascertained by reproduction cost as of the date of valuation less a sum that will fairly represent depreciation from use,

age, and similar causes.[1] There are decisions appearing in the Illinois reports to the effect that the measure of damages is the difference in the market value of the farm upon which the building is erected before and after the destruction of the building.[2] The decisions in Illinois are not without exception.[3]

The rule announced in Standard Oil Co. v. Southern Pacific Co., 268 U. S. 146, 155, 45 S. Ct. 465, 467, 69 L. Ed. 890, finds quite general support and is not contrary to the Illinois decisions when all of them are read together. The court there said:

"It is fundamental in the law of damages that the injured party is entitled to compensation for the loss sustained. Where property is destroyed by wrongful act, the owner is entitled to its money equivalent, and thereby to be put in as good position pecuniarily as if his property had not been destroyed. * * * And by numerous decisions of this court it is firmly established that the cost of reproduction as of the date of valuation constitutes evidence properly to be considered in the ascertainment of value. * * * It is to be borne in mind that value is the thing to be found and that neither cost of reproduction new, nor that less depreciation, is the measure or sole guide. The ascertainment of value is not controlled by artificial rules. It is not a matter of formulas, but there must be a reasonable judgment having its basis in a proper consideration of all relevant facts."

In order that the jury may be better informed and therefore better qualified to measure the loss which the owner sustained, it is proper for either party to show original cost, reproduction cost, depreciation due to wear and tear of the buildings destroyed, as well as the character, use, and value of the real estate upon which the buildings were erected and the necessity of such buildings as a part of the farm.

The ascertainment of the amount of the loss is not controlled by arbitrary rules. It is not a matter of formula. There must, however, be a basis for any judgment and such basis includes the facts just alluded to. There are cases where the damages to the

---

[1] Sutherland on Damages, § 1015, page 3748; 8 Ruling Case Law, § 46; Sedgwick on Damages, 8th Edition, § 944; Chicago & E. R. Co. v. Ohio City Lumber Co. (C. C. A.) 214 F. 751; Missouri Pac. R. Co. v. Wood, 165 Ark. 240, 263 S. W. 964; Bush v. Taylor, 130 Ark. 522, 197 S. W. 1172, 7 A. L. R. 262; Palmetto Moss Factory v. Tex. & Pac. Ry. Co., 145 La. 555, 82 So. 700; City of Globe v. Rabogliatti, 24 Ariz. 392, 210 P. 685; Wall v. Platt, 169 Mass. 398, 48 N. E. 270. See, also, Chicago & N. W. Ry. Co. v. Kendall (C. C. A.) 186 F. 139; Southern R. Co. v. Slade, 192 Ala. 568, 68 So. 867; Linforth v. San Fran. Gas Co., 156 Cal. 58, 103 P. 320, 19 Ann. Cas. 1230; Jacksonville, T. & K. W. R. Co. v. Peninsular Land, Transp. & Mfg. Co., 27 Fla. 1, 9 So. 661, 17 L. R. A. 33, 65; Close v. Ann Arbor R. Co., 169 Mich. 392, 135 N. W. 346; Matthews v. Mo. Pac. R. Co., 142 Mo. 645, 44 S. W. 802; Lucot v. Rodgers, 159 Pa. 58, 28 A. 242. See 7 A. L. R. 277.

Cases using the fair and reasonable value of the building destroyed as the measure of damages are: Gulf, C. & S. F. Ry. Co. v. Coffman (Tex. Civ. App.) 11 S.W.(2d) 631; Walters v. Iowa Electric Co., 203 Iowa, 471, 212 N. W. 884; Sickles v. Mt. Whitney Power Co., 177 Cal. 278, 170 P. 599; Kennedy v. Treleaven, 103 Kan. 651, 175 P. 977, 7 A. L. R. 274; Thompson v. St. Louis-San Fran. R. Co. (Mo. App.) 268 S. W. 885; Missouri, Kan. & T. Ry. Co. v. Mitchell (Tex. Civ. App.) 166 S. W. 126; Illinois Cent. R. Co. v. Nuckols, 212 Ky. 564, 279 S. W. 964; Prestonsburg Superior Oil Gas Co. v. Vance, 215 Ky. 77, 284 S. W. 405, 47 A. L. R. 483; McMahon v. City of Dubuque, 107 Iowa, 62, 77 N. W. 517, 70 Am. St. Rep. 143.

Cases holding damage measured by difference in market value before and after the fire: Northwestern Ohio Natural Gas Co. v. First Congregational Church, 126 Ohio St. 140, 184 N. E. 512; Davenport v. Intermountain Ry. Co., 108 Neb. 387, 187 N. W. 905; Jeffress v. Norfolk So. R. Co., 158 N. C. 215, 73 S. E. 1013; Conn v. Lexington Utilities Co., 233 Ky. 230, 25 S.W.(2d) 370; Hunt-Forbes Const. Co. v. Martt, 247 Ky. 376, 57 S.W.(2d) 37.

[2] Peck v. Chicago Rys., 270 Ill. 34, 110 N. E. 414; Bruno v. Chicago, 214 Ill. App. 498; Schroeder v. City of Joliet, 189 Ill. at page 52, 59 N. E. 550, 52 L. R. A. 634.

[3] Fitzsimons v. Braun, 199 Ill. 390, 397, 65 N. E. 249, 59 L. R. A. 421; Cooper v. Kankakee E. L. Co., 164 Ill. App. 581; Donk Bros. Coal & Coke Co. v. Slata, 133 Ill. App. 280; City of Chicago v. Murdock, 212 Ill. at page 16, 72 N. E. 46, 103 Am. St. Rep. 221; Gerrard v. Porcheddu, 243 Ill. App. 562; Swanson v. Nelson, 127 Ill. App. 144.

freehold more properly measure the loss sustained than the value of the buildings alone. Jones v. Sanitary District of Chicago, 252 Ill. 591, 97 N. E. 210. Most of such holdings arise in condemnation suits.

In the case of Peck v. Chicago Railways Co., 270 Ill. 34, 110 N. E. 414, the damage to the building arose from the use of explosives and the seepage of water. None of the real estate was taken. The court held that the measure of damages was the difference in the value of the property before and after the dynamiting.

In attempting to reconcile the decisions of the Illinois courts, we think there exists a basis for distinguishing those cases where the injury was essentially one to the freehold from other cases where the injury was primarily to the building. Applying these decisions to the case at bar, we conclude that where the extent of the loss occasioned by the destruction of the building is the issue, it would seem more productive of fair and rational verdicts to limit the field of investigation to original and reproduction cost prices of the building, its depreciation through wear and tear, and to evidence showing the necessity of such building to the reasonable enjoyment and use of the farm. In other words, the measure of damages is the value of the building destroyed. The value of a building must be determined however, by the reasonableness of its use, as well as the evidence showing the original and reproduction cost less depreciation and other material evidence which tends to inform the jury on the subject of value.

In the case at bar we are satisfied, however, that appellant was not damaged but in fact benefited by the rule which the court laid down. With the great decline in value of farms and rural real estate, of which the court can not fail to take notice, the difference between the value of the farm before the destruction of the buildings and after the destruction of the buildings must of necessity be less than the value of the building, assuming such value to be based upon evidence of original or reproduction cost less depreciation.

If erroneous, it does not, therefore, constitute prejudicial or reversible error. Eddy v. Lafayette, 163 U. S. 456, 467, 16 S. Ct. 1082, 41 L. Ed. 225; New York P. & Norfolk R. R. v. Peninsula Exchange, 240 U. S. 34, 36 S. Ct. 230, 60 L. Ed. 511, L. R. A. 1917A, 193; Albert Miller & Co. v. Wilkins (C. C. A.) 209 F. 582.

The judgment is affirmed.